## EVANS, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Darke Co

No 541. Decided June 4, 1938

Wilbur D. Spidel, Greenville, for himself as administrator.

T. A. Billingsley, Greenville, for James Evans.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding by virtue of an appeal on questions of law from the judgment of the Common Pleas Court of Darke County, Ohio.

The controversy arose in the Probate Court, where the administrator with the will annexed was removed on the application of one of the heirs of the testator residing in Greenville, Darke County, Ohio, on the ground that the appointment of the administrator with the will annexed was made without giving notice to him of the pending application for appointment, although he, at the time and for a long time prior thereto, had been a resident of the City of Greenville. The application for removal contained the further statement that none of the heirs at law, the legatees or devisees under said will were notified or consented to said appointment save and except George E. Evans (an heir devisee and legatee) residing in Greenville, Ohio. Further, that other than George E. Evans none of the next of kin, devisees or legatees are willing that the administrator with the will annexed shall continue as such fiduciary.

The following brief summary of facts

will render understandable the nature of the controversy:

The ancestor, J. W. Evans, died testate on the 9th day of December, 1936, leaving eight children, his only heirs at law and all named beneficiaries under his will. Wesley Evans, a son and devisee, and a resident of Muncie, Indiana, was named as executor, and on January 9, 1937, the said Wesley Evans made application for the probate of his father's will. The application for probate listed four sons and four daughters as the only surviving next of kin. The only one residing within the state was James Evans, his residence being given as 811 Jackson Street, Greenville, Ohio. Seven of the children, including Wesley Evans the named executor, signed waiver of notice and consented to probate. James Evans, the son living at 811 Jackson Street, Greenville, Ohio, was included among the seven. George E. Evans, listed in the application as living at Bluffton, Indiana, R. F. D. 3, did not sign the waiver and consent nor, so far as is disclosed from the original papers, was he served with notice of the application to probate. Being listed as a nonresident of the State of Ohio, and if, in fact, he was not a resident of this state, notice would not be required under any form of administration. The will was ordered to probate on January 9, 1937.

So far as is shown from the original papers or transcript of docket and journal entries, Wesley Evans made no application for appointment as executor, nor was any citation issued to him to accept or reject the appointment nor did he at any time present any bond in furtherance of an application for appointment. On July 26, 1936, being more than six months subsequent to the probate of the will, no administration having been taken out on the estate, Wilbur D. Spidel, in due form filed an application in the Probate Court of Darke County, Ohio, for letters of administration with the will annexed. The application listed the eight children as the sole surviving next of kin, legatees and devisees of the testator. The postoffice addresses of all are the same as in the application for probate of the will except that the postoffice of George E. Evans is given as Greenville, Ohio. The value of the estate was given as $1450.00, consisting entirely of real estate and rents and profits. Duly executed bond in the sum of $500.00 accompanied the application. The court issued letters to Wilbur D. Spidel as administrator with the will annexed on the same day, July 26, 1937. The application to remove was filed three days later on the 29th day of July, 1937.

On August 16, 1937, the Probate Court, after hearing, set aside and vacated the appointment of Wilbur D. Spidel as administrator with the will annexed and revoked the letters of administration on the ground that the appointment and letters of administration were issued without any notice whatsoever to James Evans, one of the children and heirs at law of the decedent, and at all times residing at 811 Jackson Street, in the City of Greenville, Darke County, Ohio; and further that no citation was issued to the said James Evans to take or renounce administration; and further that the said James Evans did not, either verbally or in writing, waive his right to appointment or otherwise renounce administration of said estate.

While nothing appears in the record as to why the executor named in the will did not qualify as such executor, yet from the briefs of counsel it seems to be admitted that the Probate Court in following a general rule would not appoint a non-resident of the state as executor. In the agreed statement of facts it appears that George E. Evans was present in court and sponsored the appointment of Mr. Spidel as administrator with the will annexed, although he signed no papers of any kind or character.

The sole and only question for our determination is whether or not there existed any legal grounds for the removal by the Probate Court of its appointee, Wilbur D. Spidel as administrator with the will annexed of the testator. It was the conclusion of the Common Pleas Court that the grounds set forth in the order of removal were not sufficient in law.

The determination of this legal question requires a construction of §§10509-3 and 10509-10 GC, as amended and effective September 2, 1935. Prior to the amendment of these two sections we would have had no difficulty in following and affirming the action of the Probate Court.

Counsel for James Evans presents a further ground not contained in the order of removal as to why the action of the Probate Court should be sustained. We shall first consider this claimed additional ground. This question likewise involves a construction of §10509-10 GC, as it exists today under the amendment of September 2, 1935.

Contention is made that under the provisions of this section §10509-10 GC that the Probate Court had no jurisdiction to make an appointment without first issuing

a citation to the named executor, requiring him either to renounce or accept the trust.

If we may go outside the record and consider the conceded fact that the Probate Court declined to appoint Wesley Evans as administrator because he was a non-resident of the state, we are then confronted with the question as to whether or not the Probate Court had the right to adopt such ruling. We think it is within the inherent power of the Probate Court to determine that a non-resident of the state would be an improper person. In the face of such a rule it would be a vain gesture for the court to issue a citation for such non-resident to refuse or accept the trust.

Confining ourselves to the record, it appears that six months elapsed between the probate of the will and the taking out of letters of administration. The named executor, Wesley Evans, necessarily knew that he was named executor from the fact that he made application for the probate of the will. In this interim there is no evidence that he made any application for his appointment, nor did he present any application accompanied with the requisite bond or request the court to fix bond. Furthermore, Wesley Evans, the named executor, is making no complaint that he was not appointed. Under the state of the record we are unable to conclude that this question is pertinent to the present inquiry.

We will now consider the question in the light of the decision of the Probate Court and his reasons therefor, as presented through his judgment entry. Evidently, the Probate Court must have considered §10509-3 GC, as pertinent and controlling. We think this is manifest from a thorough examination of the section in the light of the amendment of September 2, 1935. Primarily this section pertains to administrators of an estate and not to executors of a will. It provides that administration of an estate shall be granted:

1. To the surviving spouse of the deceased, if a resident of the state;
2. To one of the next of kin of the deceased residing in the county;
3. To one of the next of kin of the deceased residing in the state.

Then follow the provisions that on failure of any of the persons entitled to administer to take or renounce administration the court shall issue a citation and so forth.

In the following paragraph of the section it is provided that if there is no one in the designated class or if incompetent or for any reason unsuitable or without sufficient cause fails to apply within a reasonable time, the right shall be lost and the court shall commit the administration to some suitable person. The last paragraph provides that this section shall apply to the appointment of an administrator de bonis non. This last paragraph, as it existed prior to the amendment of September 2, 1935, read as follows:

"The provision of this section shall also apply to the appointment of an administrator with the will annexed, an administrator de bonis non or an administrator de bonis non with the will annexed."

The omission through the amendment clearly shows the purpose. The purpose is further manifest when we examine §10509-10 GC. This latter section prior to the amendment of September 2, 1935, provided as the alternative if the executor or executors named were not appointed, that the court should commit the administration of the estate with the will annexed to such person as would be entitled thereto if the deceased had died intestate. In the amendment the alternative provision is "commit administration of the estate with the will annexed to some suitable and competent person or persons."

Sec 10509-4 GC contains a general provision, parts of which are pertinent to both administrators and executors, and other portions to administrators alone. Only the first paragraph of the section applies to executors and reads as follows:

"Sec 10509-4 GC. Before being appointed executor or administrator every person shall file an application under oath which must contain the names of the surviving spouse and all the next of kin of the deceased to such person known, their postoffice addresses if known, and also a statement in general terms as to what the estate consists of and the probable value thereof, and also a statement of any indebtedness the estate had against such persons making such application."

The application of Mr. Spidel complied with this provision.

Counsel for James Evans makes reference to Adams & Hosford's Ohio Probate Practice and Procedure, Second Edition, and the author's comments under §10509-3 GC. The comment of the authors refer-

red to in counsel's brief applies to the law as it existed prior to the amendment of September 2, 1935. We call attention to a further comment of the authors under this same section, wherein reference is made to the last paragraph contained in the amendment, as follows:

"Consequently at present the provisions of this section shall apply to an administrator de bonis non and do not apply to an administrator with the will annexed or an administrator de bonis non with the will annexed." See comment by committee following §10509-10 GC.

The comment of the committee following this latter section reads as follows:

"The slight changes recommended to be made in this and §§10509-2 and 10509-3 GC are for the purpose of harmonizing with the general rule as to appointment of successor fiduciaries as found in §10506-55 GC. In the case of intestacy there is no reason why the order prescribed in §10509-3 GC should not be adhered to in the appointment of a successor. An entirely different problem may be presented in the appointment of an administrator with the will annexed as, for instance, when the will itself discloses a valid reason why certain relatives should not be entrusted with executorship, and the court's hands should not be tied by the interstate rule. In connection with the changes recommended to be made in these sections, it is believed advisable to repeal §10509-20 GC, since it adds nothing in the face of the other changes."

We are in accord with the decision of the Common Pleas Court and therefore its judgment will be affirmed. The cause will be remanded for further proceedings according to law.

Costs will be adjudged against James Evans.

HORNBECK and GEIGER, JJ, concur.