Griffith, J.
The single issue raised by this appeal is whether the procedure for reinstatement of a disbarred attorney is governed by the procedure in effect- at the time of the disbarment or by the procedure in effect at the time the application for reinstatement is made.
At the time of appellee’s disbarment, Section 1707, General Code (now Section 4705.02, Revised Code, without substantial change), vested jurisdiction in disciplinary proceedings in the Common Pleas Court, the Court of Appeals and the Supreme Court; Section 1709, General Code (now Section 4705.04, Revised Code, without substantial change), also vested jurisdiction in reinstatement proceedings in such courts; and Rule XXVII of the Supreme Court recognized such statutory jurisdiction.
. Section 1709, General Code, provided:
*562 “If such, suspended or removed attorney at law shall desire a modification of the decree of suspension or removal, he shall file a written motion therefor in the court which entered such decree. ’ ’
The present disciplinary and reinstatement procedure is governed by Rule XXVII of the Supreme Court, effective January 1, 1957. It is unnecessary to make a detailed analysis of this rule. Rule XXVII provides primarily that all proceedings for the disciplining and reinstatement of attorneys indefinitely suspended shall be governed by the procedure set forth in the rule. Under such rule, the Board of Commissioners on Grievances and Discipline has exclusive original jurisdiction in disciplinary matters. The board conducts hearings, certifies its findings of fact and recommendation to the Supreme Court which, with or without the filing of objections and after a hearing, if requested by the court, may confirm, reject or modify the recommendation and enter such order as it may find proper. As to reinstatement, Rule XXVII provides that an attorney indefinitely suspended from the practice of law may file a petition for reinstatement in the Supreme Court, whereupon the petition shall be referred to the Board of Commissioners on Grievances and Discipline. Upon such referral, the procedure in reinstatement proceedings is governed by the procedure provided for disciplinary proceedings.
It must be noted here that under the present rule an order of disbarment, once made, is absolutely final, and, once entered, cannot be modified by a subsequent application for reinstatement.
The contention of the appellee is that amended Rule XXVII cannot be given retroactive effect, and that Section 4705.04, Revised Code, governs his rights and the procedure for his reinstatement.
It is now well established that the admission to the practice of law and all matters relating to the discipline and reinstatement of attorneys at law are inherently judicial in nature and are exclusively under the control of the judicial branch of the government. Although it is recognized that the legislative branch of the government may by statute provide procedures for the qualification, discipline and reinstatement of .attorneys, such *563 statutes are interpreted as an aid to, but may not be a limitation on, the power of the court. In other words, such matters are completely and exclusively under the control of the judiciary. See Cleveland Bar Assn. v. Pleasant, 167 Ohio St., 325; Mahoning Bar Assn. v. Franko, 168 Ohio St., 17; and In re McBride, 164 Ohio St., 419.
Pursuant to such inherent power the Supreme Court promulgated Eule XXVII, effective January 1, 1957, which places all such proceedings under the exclusive jurisdiction of the Board of Commissioners on Grievances and Discipline and the Supreme Court itself.
This rule was found constitutional in Cleveland Bar Assn. v. Pleasant, supra.
In determining the question presently before us, we must consider Sections (4) and (21) of Eule XXVII.
Section (4) provides:
“Prom and after the effective date of this rule, all proceedings for the investigation of complaints and grievances involving alleged misconduct by attorneys and counselors at law and judges, all proceedings for the discipline of such attorneys and counselors at law and judges, and all proceedings for reinstatement as an attorney and counselor at law shall be brought, conducted and disposed of in accordance with the provisions of this rule; provided, however, that nothing herein contained shall be construed to prevent any committee of any regularly organized local bar association or of the Ohio State Bar Association from investigating and reporting on any complaint filed with it, referred to it, considered by it, or coming to its attention. ’ ’
Section (21) provides:
“No petition for reinstatement to the practice of law shall be entertained by this court, and the same may not be filed in this court, within a period of two years after the entry of an order indefinitely suspending the petitioner from the practice of law * * (Emphasis supplied.)
It requires only a cursory examination of those sections to determine that it was the intent of the court that amended Eule XXVII should be applicable to all applications for reinstatement, irrespective of the time the disciplinary order was entered, *564 whether before or after the promulgation of the rule. The court was aware that persons were under disbarment at the time the amended rule was promulgated, yet no limitation was placed on the operation thereof, such rule stating that ‘ ‘ all proceedings for reinstatement * * * shall be brought, conducted and disposed of in accordance with the provisions of this rule,” the only exception being in relation to certain pending actions as provided in Section (37) which we will discuss later. The intent of the court that this rule should cover all reinstatement proceedings is clear.
Appellee urges that to give retroactive application to this rule will violate Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. Assuming for the purpose of this opinion, but not deciding that such section is applicable to court rules, it is of no avail to appellee.
In State, ex rel. Slaughter, v. Industrial Commission, 132 Ohio St., 537, the court, in the third paragraph of the syllabus, states:
“Section 28, Article II of the Ohio Constitution, prohibiting the passage of retroactive laws, has application to laws disturbing accrued substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review.” See, also, State, ex rel. Michaels, v. Morse et al., Industrial Commission, 165 Ohio St., 599, 604, 605, and Hatch, Exrx., v. Tipton, 131 Ohio St., 364, 366, 367.
The matter with which we are concerned in the present case does not relate to any substantive right but is clearly a matter of a remedial nature with respect to a privilege. In re Thatcher, 80 Ohio St., 492. Appellee had no “right” to reinstatement; his only right at the time of his disbarment was to seek reinstatement, and the procedure which he must now follow is that with which we are concerned.
Appellee urges that the court is, by rule, attempting to amend a legislative enactment and cites a number of authorities holding that this cannot be done. The cases cited by appellee relate to rules concerning civil procedure, a question which is not presently before us. This argument of appellee would have merit if this rule dealt with matters which were strictly legis *565 lative in character. Such is not true. The court, in In re McBride, supra, stated in the first and second paragraphs of the syllabus:
“1. The power to admit attorneys to the practice of law and to disbar, suspend or otherwise discipline them after admission rests inherently in the judicial branch of the government.
“2. The legislative branch may provide by statute standards and qualifications for admission to the bar and methods for the initiation and conduct of proceedings to disbar, suspend or otherwise discipline attorneys for specified causes, but such legislation is to be interpreted as an aid to and not as a limitation on the power of the judicial branch in these respects.”
The subject covered by this rule is not a legislative matter but is one strictly within judicial cognizance, and, although the G-eneral Assembly may enact statutes in relation thereto, such statutes are only a guide and are not controlling on the judiciary.
The enactment of statutes relating to the admission and disciplining of attorneys being an encroachment into an area strictly within the control of the judiciary, such statutes are to be interpreted only as aids and guides to the judiciary in relation thereto and are subservient to any rule concerning such matters promulgated by the court.
Next, appellee contends that Section (37) of the rule applies, and that his proceedings are governed by the method of procedure in effect at the time of his disbarment. He relies on the last sentence of Rule XXVII which provides:
“To the extent that application of this amended rule to such pending proceedings may not be practicable, the rules and regulations in force at the time this amended rule became effective shall continue to apply.” (Emphasis supplied.)
It is his contention that, since, under Section 4705.04, Revised Code, he could make an application for modification in the Court of Common Pleas, his case is a “pending proceeding” within the meaning of the last sentence of Section (37), as above quoted, and thus is controlled by the rule in existence at the time of his disbarment.
However, appellee’s disbarment was not a “pending proceeding” within the contemplation of this rule. The antecedent *566 of the word, “such,” in the phrase, “such pending proceedings,” appearing in the last sentence of Section (37), as quoted above, is “pending investigations and complaints,” which appears in the sentence of Section (37) that immediately precedes it. No such “investigations” or “complaints” were pending in the Common Pleas Court at the time appellee filed his motion for modification therein. At the time of the adoption of the amended .rule, appellee’s disbarment had not only been entered by the Court of Common Pleas but appellee had prosecuted his appeal to the Supreme Court which had affirmed the final judgment of the Court of Common Pleas. The disbarment proceedings had terminated, and it is to such proceedings the rule relates. The motion for modification under Section 4705.04, Revised Code, or for reinstatement under Rule XXVII, is a new and different proceeding and the issues are different. In a disbarment proceeding, the issue is whether an attorney is guilty of such conduct as will warrant removing him from the practice of law; in a reinstatement proceeding the issue is whether the attorney has so rehabilitated himself that there is justification to permit him to re-enter the practice of law. Clearly, this rule as to pending cases does not apply where the order of disbarment has been entered and appeals have been prosecuted to finality through the appellate courts.
It is clear, therefore, that that part of Rule XXVII relating to the reinstatement of attorneys removed from the practice of law is applicable not only to disciplinary orders entered subsequent to the adoption of the rule but also to disciplinary orders entered prior to the adoption of the rule.
This brings us to a consideration of the final contention of the appellee, that if he cannot proceed under Section 4705.04, Revised Code, he has no remedy since under the present rule there can be no reinstatement under a disbarment.
There is a substantial difference between disbarment under the present rule, which is for life with no possibility for reinstatement, and disbarment at the time appellee was disbarred, where even though a disbarment were for life there was still the right under Section 4705.04, Revised Code, to make an application for modification of the judgment. Thus, in this respect, disbarment at the time of appellee’s judgment was equivalent to *567 and must be treated as an indefinite suspension under our present Rule XXVII. Sncb disbarment being the equivalent of an indefinite suspension, appellee has the right to file his petition for reinstatement in this court.
Thus, as shown above, the provisions of Rule XXVII relating to the reinstatement of attorneys to the practice of law apply to removals from practice which occurred prior as well as subsequent to the adoption of the rule. Such rule provides the exclusive manner in which reinstatement may be sought, superseding in all respects the procedure under Section 4705.04, Revised Code, and divests the Court of Common Pleas of its jurisdiction in these matters, and it is under such rule that appellee must seek his relief.
The action of the Court of Common Pleas in dismissing this application for lack of jurisdiction was proper, and the judgment of the Court of Appeals is reversed and final judgment rendered for appellant.

Judgment reversed.

Taft, C. J., Matthias, O’Neill and Gibson, JJ., concur.
Zimmerman and Herbert, JJ., not participating.