Griffith, J.
On August 23, 1960, The Friedman Transfer & Construction Company conveyed to the state of Ohio, Department of Highways, a perpetual aerial easement for the purpose of constructing and maintaining a structure over the land owned by the appellant, located in the city of Youngstown.
The granting clause in the easement instrument reads as follows:
“That Friedman Transfer and Construction Company, Inc., the grantor, for and in consideration of the sum of eighty four hundred dollars ($8,400) and for other good and valuable considerations to it paid by the state of Ohio, Department of Highways, hereinafter known as grantee, the receipt of which consideration is hereby acknowledged, does hereby grant, bargain, sell, convey, and release to the said grantee, its successors and assigns forever, a perpetual aerial easement for the purpose of constructing and maintaining a structure, in, upon, and over the lands hereinafter described, situated in the city of Youngstown * * *.”
Then follows the description of the subject premises affected by the construction of this McGuffey Bridge.
By the clear terms of this granting clause to the state of Ohio and “its successors and assigns,” the appellant has divested itself of the rights enumerated in the instrument.
*211 The city of Youngstown has installed water pipes on the bridge which passes over appellant’s land. Appellant contends that this use of the bridge by the appellee is a violation of appellant’s rights and is outside the scope of the easement granted to the state.
A further provision in the easement instrument reads:
“(2) Upon completion of said improvement and acceptance as previously described, the grantor hereby grants to the grantee, its employees, agents, consulting engineers, contractors and other representatives the right to enter upon the subject premises, at such times as the grantee deems necessary, for purpose of maintaining and/or repairing the structure to be erected over and upon the subject premises.
“(3) The grantor hereby waives, releases, and discharges the grantee, its successors and assigns, from any and all claims whatsoever that it may have or will have by reason of the placing of a structure over and upon the subject premisés including any claim for any interference with light and air or any other interference incidental thereto.” (Emphasis added.)
The question raised in this controversy is whether the contract entered into between the appellant and the state of Ohio permits the city of Youngstown to lay water mains on the bridge. The rights of the city can be no greater than the rights of the original grantee, the state of Ohio. The bridge structure over appellant’s land is dedicated as a highway and is devoted to a general or public use. The state has paid for and acquired an easement in and over appellant’s land, and its primary purpose is for the convenience of public travel.
In addition to this primary purpose there are other purposes for which public ways may be used, secondary in nature, such as sewers, drainage, water mains, and these are always subordinate to the principal use, to wit, public travel. With these uses the owner of the abutting land has no right to interfere. By the easement instrument, the appellant released the state, its successors and assigns from all claims that it may have by reason of the placing of the structure over appellant’s premises, “including any claim for any interference with light and air or any other interference incidental thereto.”
There is no unreasonable encroachment on the rights of the *212 appellant which the water mains create. The laying of the water line upon the bridge is in nowise inconsistent with appellant’s rights and casts no additional burden on appellant’s land and is not a taking or damaging of appellant’s property as would justify a damage verdict.
The appellant relies on the case of Hofius v. Carnegie-Illinois Steel Corp., 146 Ohio St., 574, as authority for its claim. That case was decided in 1946, and it overruled the cases of State, ex rel. Graham, v. Board of County Commrs. of Summit County and Smith v. Board of County Commrs. of Summit County (1931), 123 Ohio St., 362.
The latter two cases were to the effect that water mains in a highway outside a municipality do not constitute an additional burden upon the fee of the abutting-land owners. That established law prevailed in Ohio until the reversal by the Hofius case in 1946 by a divided court.
The Hofius case held that water mains in a highway outside a municipality constructed for the benefit of domestic and industrial users of the village constitute an additional burden upon the fee of the abutting-land owner.
The case before us involves the laying of a water main in a highway inside a municipality. The weight of authority makes a distinction between the character of the title of the municipality to its public streets and the character of the title to public highways outside municipalities. The city owns the fee to its streets in trust for street purposes; outside of municipalities, abutting-property owners own the fee to the highway, subject to the easement of the public to use the highway for purposes of travel.
The opinion in the Hofius case recognizes this principle where, on page 581, it is stated:
“It is argued by the appellees that the laying of pipes for transportation of a public water supply does not constitute any addition to the purposes of public transportation for which highways are dedicated and for which purposes public highways have long been used. We think this position grows out of a failure to distinguish between the fee ownership of streets by a municipality and the limited easement held by the state for road purposes outside of municipalities.”
*213 The Hofius case not only overruled the Smith and Graham cases, but it approved and followed paragraph one of the syllabus in Ohio Bell Telephone Co. v. Watson Co., 112 Ohio St., 385. In that case, the highway was being despoiled by the cutting and trimming of shade trees by a private corporation operating a telephone company. The slashing of beautiful shade trees along a rural highway is an act quite remote from the laying of an underground water main and inconsistent with the property owners ’ interest. Ohio has always recognized that the abutting-property owner along a rural highway has a property interest in such trees along the highway subject only to the convenience of public travel.
3 Nichols on Eminent Domain (3 Ed.), 307, Section 10.4 [2], states as follows:
“It is difficult to see how water pipes in a street could inflict any real injury upon abutting land owners, and water supply systems, being usually operated by the public itself or by am all corporations financed by local capital, have not as a rule aroused the hostility of the public sufficiently to warrant the conception of novel legal principles in order to force them to turn over a portion of their profits to individual land owners. ’ ’
It is apparent, even under the Hofius case, that an easement granted for highway purposes within a city would bear with it the right by the grantee to install water pipes without requiring additional compensation. There is no reason why that rule should not apply here, as the easement in this case, although granted originally to the state Department of Highways, is concerned with a highway within a city.
We find no error committed by the trial court in its rejection of oral testimony tending to prove “what had been contracted for” by the written agreement.
We are of the opinion that the appellant, by its contractual relationship entered into between it and the state of Ohio, contracted away its rights claimed; that by such easement contract it allowed the state of Ohio and its assigns to lay water mains on the McGuffey Bridge; that the laying of such water mains did not constitute an additional burden upon the abutting freeholder, such as to require the payment of additional compensation; and that there has been no violation of appellant’s rights.
*214 The judgment of the Court of Appeals affirming the summary judgment of the Court of Common Pleas is, therefore, affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Hover and Herbert, JJ., concur.
O’Neill and Gibson, JJ., dissent.
Hover, J., of the First Appellate District, sitting by designation in the place and stead of Matthias, J.