Ziegler, Appellee, v. Ohio Water Service Co., Appellant.

[Cite as Ziegler v. Ohio Water Service Co., 14 Ohio App. 2d 1.]

(No. 329—Decided March 27, 1968.)

*Mr. Richard E. Parrott,* for appellee.
*Messrs. Hoopes & Hoopes* and *Messrs. Mitchell, Mitchell & Reed,* for appellant.

2

GUERNSEY, P. J. Plaintiff, Carolyn Ziegler, brought action in the Court of Common Pleas of Union County to enjoin the defendant, Ohio Water Service Company, an Ohio corporation, from "further entering upon plaintiff's premises" to install a water pipe line until such time as it has either negotiated or purchased an easement therefor.

It appears from the pleadings and from the agreed statement of facts, upon which the case was submitted, that the frontage of plaintiff's premises is located partly within the village of Marysville and partly outside thereof within the township of Paris; that the plaintiff owns the fee to the center line of a public road or highway running along such frontage and extending from inside the village of Marysville into the township of Paris; that the Board of County Commissioners of Union County has created a sewer district in part of Paris Township including that part of plaintiff's premises lying within Paris Township outside the village of Marysville; that the defendant supplies water to the village of Marysville and to portions of Paris Township; that the board of county commissioners has contracted with the defendant to install and maintain necessary facilities for and to supply water to meet the domestic service and fire protection water requirements of the sewer district, including the requirements of plaintiff's property; that domestic water service will, upon completion of the system, be available to plaintiff's premises subject to the payment of a scheduled charge and that fire hydrants providing fire protection water (apparently without separate cost to the plaintiff) will be installed within the sewer district; that defendant has placed water pipes upon that portion of the plaintiff's real estate within Paris Township; that defendant has not attempted to negotiate for or to appropriate an easement for the installation and maintenance of a water line upon plaintiff's property but intends to install such pipes underground in that part of the highway situated on plaintiff's real estate; and that the pipe line across plaintiff's premises is being installed pursuant to the contract at the request of the Marysville Board of Education to provide

water service and fire protection to the new Marysville School District building and to additional landowners in the township.

Upon those facts the trial court, without a jury, found that "the installation of the water pipe underground upon that portion of plaintiff's property, subject to the easement of the state of Ohio for highway purposes is a taking and the plaintiff is entitled to be compensated therefor," and entered its decree permanently enjoining the defendant from "further entering upon the premises of plaintiff described in plaintiff's petition until such time as it has either negotiated an easement therefor or appropriated an easement."

Although the defendant has appealed from this decree on questions of law and fact, the trial court did not determine any issues of fact nor are there any issues of fact for this court to determine. The appeal is therefore dismissed, *sua sponte*, on questions of law and fact and retained on questions of law only as if error were assigned that the judgment is contrary to law.

The judgment of the trial court and the briefs and oral arguments of the parties have all been directed to the portion of the plaintiff's real estate subject to the easement of the state of Ohio for highway purposes, all of which is outside the corporate limits of the village of Marysville, and it seems to be conceded that that portion of plaintiff's land inside the village of Marysville and within the limits of Elwood Avenue of that village could be used by the defendant without its first obtaining an easement, under the rules set forth in *Friedman Transfer & Construction Co.* v. *Youngstown*, 176 Ohio St. 209. Defendant's rights outside the village, if any, are derived contractually from and may rise no higher than those of the Board of County Commissioners of Union County which has created and administers the sewer district. The issue thus becomes whether a board of county commissioners, which has created a sewer district outside a municipality and which desires to provide water for domestic service and fire protection within that sewer district, may

4

install water pipe lines therefor on real estate located within such sewer district, which would be entitled to be benefited by such service and such protection, and within that portion of such real estate subject to the easement of the state of Ohio for highway purposes, without first obtaining an easement from the landowner specifically permitting such installation. In other words, under such circumstances does the use of the easement for highway purposes for water pipe lines for local domestic service and fire protection constitute a burden upon the real estate not encompassed within the easement for public highway purposes. As the pleadings and agreed statement of facts do not show otherwise, we will assume in arriving at our decision that the easement for public highway purposes here involved was created in such manner as to permit the broadest uses inherent in such an easement.

Examination of the statutes relating to county sewer districts (Chapter 6117, Revised Code) and water supply systems in such sewer districts (Chapter 6103, Revised Code) reveals that the Legislature has prescribed that a board of county commissioners "may occupy any public road," etc., only with respect to a trunk sewer or main sewer found necessary by the department of health. Section 6117.47, Revised Code. There is no similar provision in either chapter for the occupancy of any public road outside a municipality by any other type sewer or by a water pipe line. By reason of the lack of such provision, coupled with the affirmative provision of Section 6117.39, Revised Code, giving a board of county commissioners the right of eminent domain "to procure real estate, a right of way, or an easement for the construction, maintenance, or operation of any sewer," and the affirmative provision of Section 6103.25, Revised Code, giving such board a similar right "to procure real estate, a right of way, or an easement for the construction or operation of any water supply or other improvement authorized by Sections 6103.-02 to 6103.30, inclusive, of the Revised Code," it could properly be concluded that the Legislature did not contemplate that private property subject to an easement for use

as a public highway would be burdened by sewer or water lines except by virtue of a specific easement therefor obtained by negotiation or by eminent domain.

The appellant has argued, however, independently of statutory provision, that since the real estate here will be entitled to the benefits of water for domestic service and fire protection there is no additional burden upon it entitling the owners thereof to compensation for the laying and maintenance of water lines within the public highway easement. These very arguments were made on exactly similar facts in the cases of *State, ex rel. Graham, a Taxpayer,* v. *Board of County Commrs. of Summit County,* and *Smith* v. *Board of County Commrs. of Summit County,* 123 Ohio St. 362, and the Supreme Court decided in those cases:

"2. The construction of a water main in a highway, outside a municipality, by a board of county commissioners, for the benefit of a sewer district and abutting owners, does not constitute an additional burden upon the fee of the abutting owners."

Were we to stop at this point we would have to find for the appellant. However, in the case of *Hofius* v. *Carnegie-Illinois Steel Corp.,* 146 Ohio St. 574, the Supreme Court specifically overruled the foregoing paragraph of the syllabus from the *Graham* and *Smith cases,* and thereby rejected the rule of law therein set forth as well as the arguments upon which it was based. Judge Turner concludes on page 582 in his opinion in the *Hofius case:*

"We are, therefore, of the opinion that * * * the law as declared in paragraph one of the syllabus of the case of *Ohio Bell Telephone Co.* v. *Watson Co., supra* [112 Ohio St. 385], and prior Ohio cases should be affirmed, to wit: 'In this state the fee to the country highway is in the abutting owner, and the public has only the right of improvement thereof and uninterrupted travel thereover.' "

We are mindful of the case of *Friedman Transfer & Construction Co.* v. *Youngstown,* 176 Ohio St. 209, which the appellant cites, but that case distinguishes between the character of the title of a municipality to its public streets

and the character of the title to highways outside munici-
palities (p. 212) and does not in any way purport to alter
the determination of the Supreme Court in the *Hofius case*
as it relates to real estate located outside a municipality
and extending and owned to the center of a public high-
way.

. We are, therefore, of the opinion that, since the Su-
preme Court in the *Hofius case* specifically rejected the
rule of law expressed in the second paragraph of the sylla-
bus of the *Graham* and *Smith cases* and the reasoning on
which such rule was based, such determination is decisive
of this case and that the judgment of the Common Pleas
Court must, therefore, be affirmed.

*Judgment affirmed.*

YOUNGER and DUFFEY, JJ., concur.

DUFFEY, J., of the Tenth Appellate District, sitting by
designation in the Third Appellate District.