*366
 
 Day, J.
 

 The constitutionality of Section 10510-10, G-eneral Code, is challenged on the grounds that it is retroactive and in violation of Article II, Section 28 of the Constitution of Ohio, that it deprives defendants of their property without due process of law, in violation of Article XIV, Amendments of the Constitution of the United States, and that it violates Article I, Section 19, of the Constitution of Ohio, which provides that “Private property shall ever be held inviolate * * V’
 

 Section 10510-10, General Code, provides: “When the interest of the decedent or ward in the real estate is fractional and undivided, the action shall include only such undivided fractional interest, except that (a) the executor, administrator or guardian, or (b) the owner or owners of any other fractional interest, or (c) any lien holder, may, by pleading duly filed in the cause, setting forth all interests in the property and liens thereon, require that the action include the entire interest in the property, and the owner or owners of said interests and liens shall receive their respective share or shares of the proceeds of sale after payment has been made of the costs and expenses of sale. The fees of the executor,. administrator or guardian and of his attorney shall be a charge, as provided by law, only against such portion of the proceeds of sale as represents the interest of the decedent or ward.”
 

 It is essential first to ascertain whether the right of which defendants claim to be divested is remedial •or vested. If remedial, the fact that the enactment may be retroactive is immaterial. If vested and the legislation is retroactive, then we must determine whether defendants are deprived thereof without due process of law, as the constitutional inhibition against retroactive legislation is aimed to protect vested property rights.
 

 -The right of which defendants claim to be deprived
 
 *367
 
 is to partition real estate owned by them in common with the deceased co-owner, in which real estate each co-owner holds an undivided interest as distinguished from a fractional interest.
 

 The right to partition is remedial
 
 (Black
 
 v.
 
 Sylvania Producing Co.,
 
 105 Ohio St., 340, 137 N. E., 904) rather than vested.
 

 Remedial rights may be modified, altered or entirely extinguished by legislative enactment even though they be retroactive in character and operation.
 

 Defendants’ contentions are based on the assumption that their right to statutory partition is a basic and vested property right. However, there is no property in remedial rights. The contention being based upon a false premise, the reasoning is necessarily fallacious and the conclusion erroneous.
 

 In the enactment of the statute in question the General Assembly did not exceed its constitutional power, nor does the statute destroy vested rights. It merely gives the successor in title of a deceased co-owner a remedy which he did not have before, and thereby places him on a basis of equality with the surviving co-owners.
 

 Prior to the enactment of this statute any living co-owner had the right to partition, while the successor in interest of a deceased owner did not have such right. The right to partition which a surviving co-owner had was not however absolute but could be prevented by the contingency of the real estate sought to be partitioned being physically incapable of being aparted without prejudicially affecting the whole of the estate. Partition could also be prevented where any one of the other surviving co-owners elected to purchase the entire estate at the appraised value; and if more than one co-owner elected to purchase at the appraised value, then the entire estate would be offered for sale at public auction and the proceeds divided among the co-owners in accordance with their respec
 
 *368
 
 tive interests in the property. Therefore, the right of a co-owner to partition was not absolute but could be defeated by any one of the contingencies above mentioned.
 

 A right which is not absolute but is dependent for its existence upon the action or inaction of another is not basic or vested, and deprivation thereof does not constitute a deprivation of property. A legislative enactment which interferes with or modifies the right to partition does not invade property rights and is not in derogation of the constitutional provision against deprivation of property without due process of law.
 

 The statute, not being destructive of vested property rights but merely modifying remedial rights, is constitutional. The loss which defendants claim to have sustained may be characterized as a loss of an undue advantage which they had over the successor in interest of a deceased co-owner. However, undue advantage can never ripen into a vested right, deprivation of which is constitutionally repugnant. Were the right to partition a vested one, it would accrue not alone to each living co-owner but likewise to the successor in title of a deceased co-owner; for vested rights are not defeated by death.
 

 There being no deprivation of a vested property right, it becomes unnecessary to discuss the question of “due process.” Suffice it to say, however, that the land sale proceedings giving the defendants their day in a court of record, the Probate Court having been made such by Article IV, Section 8, of the Constitution, and adequate provision having been made for the service of process, the filing of pleadings, the introduction of evidence, and the right of appeal, a procedure followed in all civil actions, constitute “due process” guaranteed by the Constitution of the United States. Notice and opportunity to be heard- are essential elements of due process of law. 8 Ohio Jurisprudence, 707, Section 591. When these two are afforded to a
 
 *369
 
 party hie is afforded “a day in court.” These being given in land sale proceedings conducted by Probate Court pursuant to the statute under consideration, defendants are given their day in court in accordance with the requirements of “due process” of law.
 

 At the time the land sale proceedings were commenced there was pending in the Court of Common Pleas of Franklin county an action in partition instituted by one of the co-owners preceding the death of plaintiff’s decedent. Subsequent thereto, plaintiff instituted land sale proceedings under Section 10510-10, General Code. The latter action prevails and the former is thereby rendered nugatory. Where an action in partition has been instituted following the death of a co-owner, and subsequent thereto the executor or administrator of such deceased co-owner institutes land sale proceedings under Section 10510-10, General Code, the latter supersedes and prevails over the former.
 

 Judgment of the Court of Appeals will be reversed and the judgment of the Probate Court will be affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson and Zimmerman, JJ.,' concur.