Turner, J.
 

 Counsel agree that there is but a single question presented by this appeal. As phrased by appellant: “Does the construction and maintenance of a water main under the surface of a county highway for the purpose of supplying water to private custom
 
 *577
 
 ers, constitute an additional burden entitling the owner of the fee in the highway to compensation?” The appellees state the question: “The only question to be decided by this court is as to whether the plaintiff is entitled as a matter of law to compensation for the installation by the village of such a line within the limits of the highway.”
 

 Appellees rely upon the case of
 
 Smith
 
 v.
 
 Bd. of County Commrs. of Summit County,
 
 123 Ohio St., 362, 175 N. E., 590, while appellant argues that the foregoing case was wrongly decided and overrules a long line of adjudicated cases in Ohio.
 

 While no opinions were written by the lower courts in the instant case presumably those courts followed paragraph two of the syllabus in the cases of
 
 State, ex rel. Graham, a Taxpayer,
 
 v.
 
 Bd. of County Commrs. of Summit County
 
 and
 
 Smith
 
 v.
 
 Bd. of County Commrs. of Summit County,
 
 123 Ohio St., 362, 175 N. E., 590, which reads:
 

 “The construction of a water main in a highway, outside a municipality, by a board of county commissioners, for the benefit of a sewer district and abutting owners, 'does not constitute an additional burden upon the fee of the abutting owners.”
 

 The foregoing quoted paragraph is contrary to a long line of authorities in this state. The cases were decided by a' divided court and no case from any jurisdiction was referred to in the opinion.
 

 The writer of the opinion in those cases said of the distinction between the character of the title of the municipality to its public streets and the character of the title of the state to its public highways outside municipalities: “The distinction so made is an artificial one. and not based upon sound logic.” He did, however, concede the distinction for the purposes of those eases. He also claimed that this court might take judicial notice of an emergency which may have affected
 
 *578
 
 the decision. Furthermore, he was of the opinion that the use of the highway for a wholly public purpose was distinguishable from cases involving the installation of a permanent construction by a privately owned utility. In referring to the distinction between municipal and rural highways, the writer may have had in mind the fact that under the fee theory, the abutting proprietor’s rights were equitable, while under the easement theory such rights were legal. But we are of the opinion that there is the further distinction that the legal rights are broader.
 

 Had the statutory law of the state been examined, it would have disclosed that since the year 1800 (2 Territorial Laws, 43, Section 4; 3 Ohio Laws, 213, Section 2; 29 Ohio Laws, 351, Section 6; S. & C. 1483; Section 2601, Revised Statutes) there has been in effect the substance of Section 3585 of the General Code, which provides:
 

 “The map or plat so recorded shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses-, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended.”
 

 So far as disclosed by Shepard’s Citations, the
 
 Graham
 
 and
 
 Smith cases,
 
 (123 Ohio St., 362) have never been followed or cited.
 

 As the public’s interest in highways outside the municipalities is an easement for the purposes of public travel with the fee remaining in the abutting landowner, we shall not discuss the cases involving city streets, the law in respect of which is discussed in the case of
 
 Callen
 
 v.
 
 Columbus Edison Electric Light Co.,
 
 66 Ohio St., 166, 64 N. E., 141, 58 L. R. A., 782.
 

 
 *579
 
 In tlie case of
 
 Ohio Bell Telephone Co. v. Watson Co.,
 
 112 Ohio St., 385, 147 N. E., 907, the authorities on the subject of country highways and the rights of abutting owners were examined and the court came to the following conclusions as shown by the syllabus:
 

 “1. In this state the fee to the country highway is in the abutting owner, and the public has only the right of improvement thereof and uninterrupted travel thereover.
 

 ‘4 2. An owner of land abutting upon a country highway, whose title extends to the center of the road along the side of which are located shade trees, has a property right in such trees, and the same may not be interfered with, unless by consent of such owner or first making compensation according to law.
 
 (Daily
 
 v.
 
 State,
 
 51 Ohio St., 348, 37 N. E., 710, 24 L. R. A., 724, 46 Am. St. Rep., 578, followed and approved.)
 

 “3. The erection and maintenance of telephone poles and wires within the limits of a country highway is an additional burden upon the easement and an invasion of the property rights of the abutting owner, for which he is entitled to compensation.
 

 “4. Where along a rural highway a telephone company has erected poles, done necessary cutting and trimming of a shade tree to permit the placing of telephone cables on said poles, such construction, however, not interfering with the access, light and air of the adjoining owner, but being without the consent and against the protest of such owner, an injunction will be granted at his instance restraining the further construction of such telephone line and requiring the removal of the poles and cables already in place, unless compensation shall he made to such owner or his consent obtained.”
 

 The foregoing paragraph two was specifically approved and followed in paragraph two of the syllabus
 
 *580
 
 in the cases of
 
 The Ohio Postal Telegraph-Cable Co.
 
 v.
 
 Smith
 
 and
 
 Cincinnati & Suburban Bell Telephone Co.
 
 v.
 
 Bechtel,
 
 128 Ohio St., 400, 191 N. E., 698.
 

 In the case of
 
 Daily
 
 v.
 
 State,
 
 51 Ohio St., 348, 356, 37 N. E., 710, 712, 24 L. R. A., 724, 46 Am. St. Rep., 578, Judge Spear said:
 

 “Whatever may be the rule in other states, we have supposed that the question of the right in the highway of a landowner whose title extends to the center of the road, is not an open one in Ohio. The question has been the subject of adjudication in a score of cases decided by this court, notably in the following:
 
 Bingham
 
 v.
 
 Doane,
 
 9 Ohio, 167;
 
 Crawford
 
 v.
 
 Delaware,
 
 7 Ohio St., 459;
 
 Street Railway
 
 v.
 
 Cumminsville,
 
 14 Ohio St., 523;
 
 Hatch
 
 v.
 
 Railroad Co.,
 
 18 Ohio St., 123;
 
 McClelland
 
 v.
 
 Miller,
 
 28 Ohio St., 502;
 
 Railroad Co.
 
 v.
 
 Williams,
 
 35 Ohio St., 168;
 
 Railroad Co.
 
 v.
 
 O’Harra,
 
 48 Ohio St., 343.”
 

 Paragraph two of the syllabus of the
 
 Daily case, supra,
 
 reads:
 

 “The legislature may authorize the construction of a telegraph line by a telegraph company upon a public highway, in such manner as not to incommode, the public in the use of such highway, but authority so given does not empower such company to injure the property of an adjoining landowner, nor to appropriate any of his property rights in the highway except upon the condition that compensation be first made. Nor is warrant given to injure such property, nor to appropriate such property rights without compensation, by the act of congress of July 24, 1866, known as Section 5263
 
 et seq.,
 
 of the Revised Statutes of the United States.”
 

 Appellees argue that a distinction is to be made between erections above ground such as poles and wires and those made below the surface. We see no distinction as there is an additional burden placed upon the
 
 *581
 
 land in both cases. Appellees also claim a distinction due to the antiquity of the water system use as opposed to the additional burden of telephone poles and wires which were not within the original purpose of dedication. We are not impressed.
 

 Appellees further argue that a distinction is to be made between such use as herein involved by a public authority such as the village and a privately owned public utility. If we keep in mind that it is the property right of the landowner which is being invaded in both instance's and that such right is protected against public confiscation by Section 19 of Article I of the Constitution, it must be realized that there is no distinction in principle. See, also, Section 5, Article XIII of the Constitution.
 

 It is argued by appellees that the laying of pipes for transportation of a public water supply does n'ot constitute any addition to the purposes of public transportation for which highways are • dedicated and for which purposes public highways have long been used. We think this position grows out of a failure to distinguish between the fee ownership of streets by a municipality and the limited easement held by the state for road purposes outside of municipalities.
 

 We are not unmindful of the following observation made in 1 Nichols on Eminent Domain (2 Ed.), Section 184: “It is difficult to see how water pipes in a street could inflict any real injury upon abutting landowners, and water supply systems, being usually operated by the public itself or by small corporations financed by local capital, have not as a rule aroused the hostility of the public sufficiently to warrant the conception of novel legal principles in order to force them to turn over a portion of their profits to individual landowners.” There is no novel legal principle to be invoked in the instant ease. We are to observe here the principle that private property must ever be held invio
 
 *582
 
 late. Our laws provide the method for taking such property for a public purpose and we have no right to circumvent those laws for a popular cause.
 

 We are, therefore, of the opinion that paragraph two of the syllabus in the
 
 Graham
 
 and
 
 Smith cases, supra,
 
 does not properly state the law of Ohio and, therefore, should be and hereby is overruled and the law as declared in paragraph one of the syllabus of the case of
 
 Ohio Bell Telephone Co.
 
 v.
 
 Watson Co., supra,
 
 and prior Ohio cases should be affirmed, to wit: “In this state the fee to the country highway is in the abutting owner, and the public has only the right of improvement thereof and uninterrupted travel thereover. ’ ’
 

 As we are of the opinion that appellees had no right to proceed with the construction of a water main along the road abutting appellant’s premises, without first securing from appellant her consent to such easement or right of way or duly appropriating same according to law, the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas is hereby reversed and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell and Williams, JJ., concur.
 

 Matthias and Hart, JJ., dissent.