IN RE EMERY. █

(Nos. C-76905 and C-77059—Decided May 24, 1978.)

*Messrs. Strauss, Troy & Ruehlmann,* for appellant.
*Messrs. Frost & Jacobs,* and *Mr. R. R. Klausmeyer,*
for appellee.

CASTLE, J. This case presents a question to us which, to our knowledge, has never before been considered by the Supreme Court or the Courts of Appeal of Ohio: whether a Probate Court errs if it fails to appoint a nonresident corporation licensed to do business in this state as executor of a resident testator's estate where the testator has named that corporation as executor in his will.

The testator in this case, John J. Emery, designated the appellant, Girard Trust Bank, a Pennsylvania banking corporation, and his wife, Irene Emery, as co-executors of his estate in his last will and testament dated November 25, 1968. Irene Emery predeceased the testator, who died on September 24, 1976. The testator's will was submitted for probate on October 18, 1976, accompanied by an application from Girard Trust to be appointed executor. The will was admitted to probate and record on De-

cember 17, 1976, on the same date that the Probate Court denied Girard Trust's application to be appointed executor for the reason that Girard Trust, being a nonresident corporation, was not qualified by statute.

The statutory authority by which the Probate Court denied Girard Trust's application is found in R. C. 2109.21 and R. C. 2113.05. These sections, which deal with the residence qualifications of executors, were amended in 1975 and became effective January 1, 1976. Prior to the amendments, R. C. 2109.21 left the appointment of a nonresident executor to the discretion of the Probate Court. The amendment deleted this discretionary provision from the statute. R. C. 2109.21 now reads, in pertinent part:

"Any fiduciary, except an executor appointed pursuant to section 2113.05 of the Revised Code, whose residence qualifications are not defined in this section shall be a resident of the state, and shall be removed on proof that he is no longer a resident of the state."

R. C. 2113.05, the statute pursuant to which executors are appointed, provides:

"When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will, if he is suitable, competent, accepts the trust, and gives bond if that is required. The court may issue letters testimentary to a surviving spouse or one of the next of kin, even though a nonresident of the county or of this state."

It is our finding that the clear import of these two statutes is that the trial court's discretion in the appointment of a nonresident executor has been limited to those persons who are surviving spouses or next of kin. Under the old maxim of statutory interpretation *expressio unius est exclusio alterius* the legislature has eliminated other nonresidents from consideration for appointment.

If we were to read the first sentence of R. C. 2113.05 as a directive that a Probate Court must appoint the executor named in the will so long as he is "suitable, competent, accepts the trust, and gives bond if this is required," as appellant urges, we would be eliminating the discretion

of the Probate Court in the appointment of a nonresident spouse or next of kin which the second sentence of the statute clearly confers on it. Such an interpretation would render the second sentence not only superfluous but meaningless. Rather, we give effect to all of the language of R. C. 2113.05 by determining that the exception from residency requirements for executors stated in R. C. 2109.-21 refers only to those who are surviving spouses or next of kin. Thus, we find that this language excludes appellant, as a nonresident corporation, from acting as the executor of the testator's estate.

We do not find that appellant should be exempted from this application of the statutes on the basis that, as a foreign corporation licensed to do business in this state, it should be considered as a resident. Paragraph 1 of the syllabus of *B. F. Goodrich Co.* v. *Peck* (1954), 161 Ohio St. 202, states:

"In the absence of the expression of a contrary legislative intention, a corporation incorporated under the laws of a foreign state will generally be included by the use in a statute of the word 'nonresident.'"

There is no expressed legislative intention that indicates that a foreign trust company doing business in this state should be treated as a resident for any particular or general function that it performs. We distinguish the case of *In re Lawrence's Estate* (1938), 53 Ariz. 1, 85 P. 2d 45, on the basis that Ohio has no statute, as Arizona does, which gives a foreign corporation once licensed to do business in the state the same rights and privileges as held by a domestic corporation.

Nor do we find that it is necessary to create an exemption for appellant by deeming it a resident to avoid nullification of those provisions of R. C. Chapter 1109 which refer to trust companies performing the duties of executors. R. C. 1109.08, which provides that a trust company may accept and execute trusts committed to it and act as executor, became effective January 1, 1968. R. C. 2113.05 became effective January 1, 1976, and took away the right of a nonresident, but not a domestic, trust company to be

considered for appointment as executor. As chapter 1109 specifies the trust business which can be performed by both domestic and foreign trust companies who are qualified, those parts of chapter 1109 which refer to companies acting as executors or executing an estate are not nullified but are still applicable to domestic trust companies. This explanation allows effect to be given to all parts of chapter 1109 as well as all of the provisions of R. C. 2113.05, in compliance with R. C. 1.51.

If there were a conflict, we would have to find that R. C. 2113.05 is a special provision limiting the discretion of the Probate Court in its appointment of nonresident executors, which controls over the general grants of authority given to domestic and foreign trust companies by chapter 1109. We do not find that R. C. 1101.05, which provides that a foreign bank or trust company may transact the business of a trust company in Ohio as provided in R. C. chapter 1109 and the provisions of R. C. chapter 1109, basically conditions with which domestic and foreign trust companies must comply and the acts which they may perform, can be said to mandate the appointment by the Probate Court of a nonresident trust company as executor of an Ohio decedent's estate in light of the specific provision of R. C. 2113.05 which disqualifies them from acting in that particular area.

Likewise, we find no merit in appellant's contention that the legislature could not have intended to exclude foreign trust companies from acting as executors, because it substantially increased their annual license fee. There are still substantial areas of the trust business a nonresident trust company may perform in Ohio if it chooses. We find it equally logical that the fee increase was designed to discourage foreign trust companies from doing business in Ohio, thus protecting domestic companies. The overall economy and revenues of this state are just as easily benefitted by such protection as by the receipt of the relatively insignificant fees charged to foreign trust companies for the privilege of doing business here.

Having determined that appellant does not qualify

under Ohio law to be appointed as executor of the testator's estate, we come to the question of whether, by excluding it, the Ohio statutes so doing violate the Constitution of Ohio and of the United States.

Appellant asserts first that its exclusion from acting as an executor violates Section 28, Article II, of the Ohio Constitution. The rights protected by the Ohio Constitution in this regard are vested rights. *State, ex rel. Ogelvee,* v. *Capeller* (1883), 39 Ohio St. 207. A right is not regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation or interest based upon an anticipated continuance of existing law. *Moore* v. *Bureau of Unemployment Compensation* (1943), 73 Ohio App. 362. A right, not absolute but dependent for its existence upon the action or inaction of another, is not basic or vested. *Hatch* v. *Tipton* (1936), 131 Ohio St. 364.

On the other hand, a will is ambulatory and takes effect only upon the death of the testator. *Patton* v. *Patton* (1883), 39 Ohio St. 590. It is not until that time that an executor named in the will can have even an expectation of administering an estate. In fact, an executor derives his powers only when letters are issued to him by the Probate Court, and under previous Ohio law a nonresident executor's receipt of such letters was dependent on the discretion of the Probate Court. Thus, it cannot be said that a change in the law preventing a nonresident corporation from acting as an Ohio executor, which is effective prior to the death of the testator in whose will the corporation is named as executor, deprives it of more than a mere expectation. And such expectation is not protected by Section 28, Article II, of the Ohio Constitution.

But besides being one which takes away or impairs vested rights, a retrospective law that is prohibited by Section 28, Article II, is also one which attaches a new disability in respect to transactions or considerations already past. *State, ex rel. Michaels,* v. *Morse* (1956), 75 Ohio Law Abs. 536, affirmed in 165 Ohio St. 599. While appellant may be under a new disability in that it may no longer be con-

sidered by the Probate Court as eligible to act as an executor, such disability cannot be said to be in respect to transactions or considerations already past.

As we noted, the statute eliminating appellant from consideration as executor by the Probate Court was effective prior to the testator's death and the submission of his will for probate. Moreover, Girard Trust renewed its license to do business in this state annually, and its present license was issued more than eight months after the statutes excluded it from acting in the capacity of executor of the testator's estate. Since appellant was presumed to have notice of the statute at the time it renewed its license, and since the testator was not deceased at the time of the statute's effective date, any disability which the statute placed on appellant was prospective only. Therefore, we do not find the statute, as applied to appellant, violates Section 28, Article II, of the Ohio Constitution.

Likewise, we do not find that the exclusion of a nonresident trust company licensed to do business in Ohio from acting as executor of an Ohio resident's estate violates either the Due Process Clause or the Equal Protection Clause of the Constitution of the United States.

As a rule, a foreign corporation is not a person who may invoke the provision of the Due Process Clause that protects against deprivation of liberty, as the liberty guaranteed by the Fourteenth Amendment against deprivation other than by due process of law is that of natural, not artificial persons. *Nutting* v. *Massachusetts* (1902), 183 U. S. 553. And, as previously discussed, appellant has no vested property right to be taken by due process or otherwise. Moreover, the Due Process Clause no longer offers a substantive bar to the state regulation of a business subject to state control. *North Dakota Pharmacy Board* v. *Snyder's Drug Stores, Inc.* (1973), 414 U. S. 156. Since the Constitution commits to the states the power to control the administration of their citizen's estates, *Labine* v. *Vincent* (1971), 401 U. S. 532, we do not find that the exclusion by this state of nonresident trust companies from acting as

executors deprives them of due process of law. *American Trust Co., Inc.* v. *South Carolina State Board of Bank Control* (1974), 381 F. Supp. 313.

In fact, because the Constitution has committed to the state the power to make rules to regulate the disposition of property left in this state by a man dying here, the Equal Protection Clause also will not operate to prevent the state from excluding nonresident executors from administering an Ohio decedent's property. It is for the legislature of this state to make laws for the distribution of property within this state, and the vague generalities of the Equal Protection Clause will not interfere so long as no specific constitutional guarantee is violated. *Labine* v. *Vincent, supra.* The exclusion of nonresident corporations or nonresident persons who are not surviving spouses or next of kin does not involve a suspect classification as did the case of *Reed* v. *Reed* (1971), 404 U. S. 71.

This state has a strong interest in the administration of its citizens' estates. It has always been considered that the legislature which created the right to dispose of property by will in this state must be held to have unlimited authority to regulate the exercise of that right, including the course of administration the testator's property shall take when he dies testate. *Hane* v. *Kintner* (1924), 111 Ohio St. 297. *In re Pickards* (1898), 5 N. P. 493. As the legislature confers the power, so it may restrain its operation, confine it to particular classes of persons, or abolish it altogether, so far as persons who die after the enactment of such statutes are concerned. *In re Lowe* (1963), 119 Ohio App. 303.

It has long been within the inherent power of the Probate Court to determine that a nonresident of the state is an improper person to appoint as executor. *In re Evans* (1938), 27 Ohio Law Abs. 550. The fact that the legislature has seen fit to exclude certain classes of nonresidents who do not fall within a suspect classification is not, in our opinion, a violation of the Equal Protection Clause of the United States Constitution, in view of the commitment to the state of the power to control the distribution of and

its strong interest in the administration of its decedents' estates.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error is made in support of appellant's appeal from the Probate Court's appointment of two of the testator's daughters as co-administratrices with the will annexed, which appeal was consolidated with appellant's appeal of the Probate Court's denial of its application to be appointed executor. Appellant asserts that the Probate Court erred in the appointment of the co-administratrices and in the overruling of appellant's motion to set that appointment aside.

We have found, in our disposition of appellant's first assignment of error, that the trial court correctly refused to appoint appellant as executor, because, as a nonresident corporation, appellant is statutorily disqualified from holding that position. Being statutorily disqualified, appellant is not in a position to have been appointed executor if the judgment below had not been given. Therefore, the Probate Court's appointment of the co-administratrices does not affect appellant's substantial rights. It is fundamental that an appeal lies only on behalf of a party aggrieved whose substantial rights have been affected, and appellant has not demonstrated that it is an aggrieved party. *Ohio Contract Carriers Assn.* v. *Public Utilities Comm.* (1942), 140 Ohio St. 160.

Having considered the merits of the second assignment of error and for the reasons set out above, the same is hereby overruled.

The judgments of the Court of Common Pleas, Probate Division, are affirmed.

*Judgment affirmed.*

SHANNON, P. J., and KEEFE, J., concur.