**LANZA–COSTLOW et al., Appellants,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY et al., Appellees.**

[Cite as *Lanza–Costlow v. State Farm Fire & Cas. Co.* (1996), 115 Ohio App.3d 106.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–44.

Decided Oct. 28, 1996.

John F. King, for appellants.

Lawrence R. Springer, Jack R. Baker and James F. Mathews, for appellees.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, sustaining the motion for summary judgment filed by defendant-appellee, Cincinnati Casualty Company ("Cincinnati"), and finding that neither Cincinnati nor defendant-appellee, State Farm Fire and Casualty Company ("State Farm") owed any underinsured motorist coverage to plaintiffs-appellants, Jennifer Lynn Lanza–Costlow et al.

While riding his bicycle on April 24, 1989, Charles J. Lanza, Jr. was struck and killed by a motor vehicle being operated by Michael Gates. An estate was opened for the decedent and on February 15, 1991, a wrongful death action was filed on behalf of the decedent's beneficiaries and next of kin in the Franklin County Common Pleas Court. Gates was insured under an automobile liability insurance policy with coverage limits of $100,000 per person/$300,000 per accident.

In late 1991, an agreement was reached with Gates's insurance company to settle the wrongful death claim. Prior to settlement, both Cincinnati and State Farm were notified of the potential agreement and were asked to give their individual consents to it. Cincinnati denied any underinsured motorist coverage and therefore did not give any consent to settlement. State Farm did not affirmatively consent or object to settlement but did attend a hearing concerning the distribution of settlement proceeds. The settlement consisted of $100,000 from Gates's insurance company and $7,500 from Gates personally. An additional sum of $25,000 was later paid on behalf of Gates under a liability bond which provided him further coverage.

On October 5, 1993, an action was filed in the Columbiana County Common Pleas Court on behalf of appellants, Jennifer Lynn Lanza–Costlow, individually and as executor of the estate of Charles J. Lanza, Jr., against State Farm, seeking judgment as and for underinsured motorist coverage, along with medical pay and death benefits. On May 24, 1994, an amended complaint was filed naming Carrie Lanza, Kathryn Lanza and Clementine Lanza individually and as executors of the estate of Charles J. Lanza, Sr., as additional plaintiffs and further naming Cincinnati as an additional defendant. The amended complaint sought judgment as and for underinsured motorist coverage from Cincinnati, along with setting forth the original claims. All appellants have underinsured motorist coverage with one of the two appellees.

The parties agreed to submit this matter to the trial court on appellants' and Cincinnati's cross-motions for summary judgment and on stipulated facts. State Farm filed a memorandum in support of its position. On June 23, 1995, the trial court sustained Cincinnati's motion for summary judgment, refused to apply the

Ohio Supreme Court's decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, retrospectively to the facts of this matter and dismissed appellants' complaint in its entirety. It is from this decision that appellants' appeal emanates.

Appellants set forth two assignments of error on appeal. Their first assignment alleges:

"The trial court committed substantial error, prejudicial to the rights of the plaintiffs-appellants, in refusing to apply the Ohio Supreme Court decision of *Savoie v. Grange Mutual Ins. Co.* (1993), 67 Ohio St.3d 500 [620 N.E.2d 809] to the facts of this case and in granting defendants' motions for summary judgment."

*Savoie* was decided on October 1, 1993. Appellant's complaint was filed with the Columbiana County Common Pleas Court on October 5, 1993. On May 24, 1994, appellant filed an amended complaint naming Carrie Lanza, Kathryn Lanza, and Clementine Lanza as additional plaintiffs and further naming Cincinnati as an additional defendant.

■ Initially, we note that *Savoie* was the law when this case was filed on October 5, 1993. However, *Savoie* was basically superseded by the General Assembly when it amended R.C. 3937.18 on October 20, 1994. Thus, this court must first determine whether the amended version of R.C. 3937.18 applies retrospectively. This issue was most recently addressed in *Cole v. Holland* (1996), 76 Ohio St.3d 220, 225, 667 N.E.2d 353, 356. In *Cole,* the Ohio Supreme Court held:

"Since Am.Sub.S.B. No. 20 contains no retrospective language, amended R.C. 3937.18(A)(2) operates only prospectively."

Consequently, pending causes of action accruing prior to October 20, 1994, the effective date of Am.Sub.S.B. No. 20, are controlled by *Savoie.* The case *sub judice* was instituted after the *Savoie* decision, and was a pending cause of action accruing prior to October 20, 1994. Thus, this case is controlled by *Savoie.*

Both appellees aver that if the *Savoie* decision is to apply to this case, the appellants' claims for underinsured motorist coverage would be barred as a result of their failure to exhaust all available liability insurance.

At the time the insured entered into the settlement agreement with the tortfeasor, *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459, was the law controlling wrongful death actions on a tortfeasor's liability policy. *Rose* held:

"An automobile liability insurance policy may apply a single limit to separate claims arising out of a single bodily injury provided the policy limitation tracks

the corresponding limitation on liability coverage, and is unambiguously stated." *Id.* at syllabus.

However, *Rose* was explicitly overruled by *Savoie*, which held:

"Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one 'each person' policy limit are unenforceable. (*State Farm Auto Ins. Co. v. Rose* [1991], 61 Ohio St.3d 528, 575 N.E.2d 459, and paragraphs one and two of the syllabus of *Burris v. Grange Mut. Cos.* [1989], 46 Ohio St.3d 84, 545 N.E.2d 83, overruled; *Wood v. Shepard* [1988] 38 Ohio St.3d 86, 526 N.E.2d 1089, applied and followed.)" *Savoie*, paragraph one of the syllabus.

▮▮ Procedurally, in the absence of a specific provision in a decision which declares that its application is to be prospective only, the decision shall be applied retrospectively as well. *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418–419. In *Savoie*, the court did not indicate that its decision was to apply prospectively only. Therefore, *Savoie* should be applied retrospectively as well. Furthermore, a decision rendered by the Ohio Supreme Court which overrules a former decision is retrospective in operation and the effect is that the former law was never the law. *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468. However, a general exception to the rule of retrospective operation of decisional law is recognized where contractual rights have arisen or vested rights have been acquired under the prior decision. *Id.*

Appellants, by entering into a settlement agreement with the tortfeasor, acquired a vested right concerning the issue of exhaustion *if* the liability insurance policy applied "a single limit to separate claims arising out of a single bodily injury." See *Rose*, 61 Ohio St.3d 528, 575 N.E.2d 459. As the tortfeasor's liability insurance policy is not before this court, we cannot determine this issue.

▮▮ Both appellee-insurance companies were put on notice as to the potential settlement with the tortfeasor. Cincinnati did not attend the hearings regarding the settlement, stating that appellants did not have an underinsured claim. State Farm attended the settlement hearing, but did not affirmatively consent or object to the settlement and the proposed distribution. The Ohio Supreme Court stated in *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456, paragraphs two and three of the syllabus:

"When an insured has given his underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to

protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits. * * *

"The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void a subrogation clause in the insurer's underinsured motorist provision."

When both the insurance companies herein failed to effectively respond to the settlement notification, they lost their opportunity to assert any rights under their subrogation clauses concerning the tortfeasor's liability policy.

■ If the trial court determines that the tortfeasor's liability policy meets the test set forth in *Rose, supra,* then appellants did acquire a vested right under the old law when they settled with the tortfeasor, and *Rose* will apply to appellants' settlement and the issue of exhaustion. The lawsuit against appellees will be governed by *Savoie, supra,* because appellees did not protect their subrogation rights by paying the underinsured motorists benefits before release and, therefore, did not acquire a vested right under the old law. Furthermore, even if appellees were said to have acquired a vested right, the exception to retrospective application of new case law does not apply to insurance cases where the parties are relying on R.C. 3937.18. See *Nationwide Ins. Co. v. Tobler* (1992), 80 Ohio App.3d 560, 569, 609 N.E.2d 1318, 1324.

Appellants' first assignment of error is found to have merit.

Appellants' second assignment of error alleges:

"The trial court committed substantial error, prejudicial to the rights of the plaintiffs-appellants, in entering summary judgment for State Farm and against plaintiff-appellant on her second claim for relief in the amended complaint."

Appellants argue that the trial court overlooked the medical payment and death benefit claims herein. The decedent, Charles J. Lanza, Jr., was covered by State Farm under an insurance policy which provided for a $1,000 death benefit as well as a $5,000 medical payment coverage. These facts were stipulated to by the parties. Nevertheless, appellants state that the trial court entered judgment against them on such claims even when State Farm did not defend against them. Appellants suggest that the trial court simply overlooked these claims in addressing the major issues herein and that its decision constituted prejudicial error.

State Farm responds that in determining the primary issue before it, the trial court held that appellees did not owe any underinsured motorist coverage to appellants. State Farm states that it does not and never has taken the position that it does not owe monies under the death benefit and medical payment coverages.

Appellants' second assignment of error is found to have merit.

The decision of the trial court is reversed, and the cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.