KALLAS et al., Appellants,

v.

**OHIO WATER SERVICE COMPANY et al., Appellees.**

[Cite as *Kallas v. Ohio Water Serv. Co.* (1999), 132 Ohio App.3d 421.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 CA 158.

Decided March 22, 1999.

*Pfau, Pfau & Marando* and *Michael Marando*, for appellants.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, *Donald A. Duda, Jr.,* Assistant Prosecuting Attorney; *Harrington & Mitchell, Ltd., Alan D. Wenger* and *Constance E. Pierce,* for appellees.

WAITE, Judge.

This timely appeal arises from a trial court decision granting the joint motion for summary judgment of appellees, Ohio Water Service Company and the Mahoning County Board of Commissioners, and denying appellants' summary judgment motion. Appellants argue that the trial court erred in applying *Ziegler v. Ohio Water Serv. Co.* (1969), 18 Ohio St.2d 101, 47 O.O.2d 244, 247 N.E.2d 728, to bar their cause of action against appellees' alleged taking of their property for installation of a subterranean waterline and appurtenances. For the following reasons, this court affirms the trial court's judgment.

Appellants Steve and Alma Kallas acquired property located at 9406 Struthers Road in New Middletown, Ohio, on June 18, 1949, by deed. Although in appellants' references to the deed they state that it is attached to appellees' motion for summary judgment, no copy of the deed is in the record. However, appellants and appellees agree that the deed extends appellants' property to the

center of Struthers Road and indicates that the property is "subject to all legal highways." Appellants admit that a portion of the road fronting their property is a Mahoning County roadway dedicated in 1816 as a fifty-foot-wide roadway and used continuously by the public as a roadway. The roadway has since been extended to sixty feet wide according to Mahoning County records. Appellants also admit that the portion of Struthers Road abutting their property is located outside a municipal corporation.

Ohio law in effect at the time of appellants' acquisition of the property provided that an owner of property abutting land subject to a right of way for highway purposes incurs an additional burden when a village constructs a water main under the surface of the highway for public purposes and thus is entitled to be compensated for that burden. *Hofius v. Carnegie–Illinois Steel Corp.* (1946), 146 Ohio St. 574, 582, 33 O.O. 67, 70, 67 N.E.2d 429, 432–433.

In 1969, the Ohio Supreme Court overruled its decision in *Hofius* and held that an owner of property abutting land subject to a right of way for highway purposes does not incur an additional burden and thus is not entitled to compensation when a water main is constructed under the highway for public purposes. *Ziegler v. Ohio Water Serv. Co.* (1969), 18 Ohio St.2d 101, 106, 47 O.O.2d 244, 247, 247 N.E.2d 728, 731.

On July 5, 1994, appellants filed a complaint in the Mahoning County Common Pleas Court against Ohio Water Service Company, now known as Consumers Ohio Water Company ("Ohio Water"), and the Mahoning County Board of Commissioners, alleging that Ohio Water had unlawfully entered their property and without consent or compensation installed a waterline underneath the property abutting their land but within the fifty-foot-wide right of way. In 1994, the commissioners, Browning Ferris Industries ("BFI"), and Ohio Water had agreed to establish a water system expansion project whereby BFI would construct water mains, hydrants, and other appurtenances along Struthers Road, including a portion of property abutting appellants' property. Ohio Water would operate the system to provide public water service and fire protection in the Mahoning County area and to provide water to the village of New Middletown. The commissioners memorialized this agreement in writing and by journal entry on August 25, 1994.

Appellants requested relief in the form of a decree to quiet title and money damages for an illegal taking and for trespass. Appellants also sought an injunction to remove the line.

On October 3, 1994, the commissioners filed an answer and counterclaim, denying most of the complaint's allegations and asserting among other defenses that the installation of the waterline was performed within a right of way established with the opening of Struthers Road in 1816 as reflected in Mahoning

County records and set forth in appellants' deed. On October 4, 1994, Ohio Water also filed an answer denying most of the complaint's allegations and asserting that a right of way was established in appellants' deed. Ohio Water also filed a counterclaim alleging that appellants had threatened to excavate the waterline themselves, which would endanger the public and cause irreparable harm. On November 9, 1994, appellants answered Ohio Water's counterclaim.

On November 30, 1995, appellants moved for summary judgment. Appellees filed a joint memorandum in opposition and jointly filed their own motion seeking summary judgment. The parties also filed responsive memoranda.

On January 26, 1996, the trial court overruled appellants' motion for summary judgment, finding that appellants had failed to demonstrate a right to judgment as a matter of law. The court cited *Ziegler, supra,* as support. On March 27, 1996, the trial court sustained appellees' joint motion for summary judgment, finding that appellants had failed to demonstrate genuine issues for trial. On July 26, 1996, Ohio Water filed a notice of dismissal of its counterclaim against appellants, which the court journalized on August 6, 1996. This dismissal made the summary judgment order a final appealable order. Appellants filed a notice of appeal on August 23, 1996.

Appellants raise the following sole assignment of error:

"The trial court erred in granting defendants' motion for summary judgment and in denying plaintiffs' motion for summary judgment."

Appellants acknowledge that in *Ziegler v. Ohio Water Serv. Co.,* the Ohio Supreme Court overruled its previous holding in *Hofius v. Carnegie–Illinois Steel Corp.* and held that construction of a subterranean waterline in real property subject to an easement for highway purposes is not an additional burden on the abutting property owner. However, appellants contend that no easement existed and that *Ziegler* does not apply to their case. They claim that they acquired vested rights under *Hofius* that did not accrue until 1994 when appellees took action and installed the waterlines. Appellants assert that the trial court erred in applying *Ziegler* and that this lower court action constituted a judicial taking of their property for which they should be compensated.

In reviewing summary judgment proceedings, the appellate court reviews the evidence *de novo,* but in the same manner as the trial court. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272; *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158. In order to prevail on a motion for summary judgment, the movant must show that (1) there remains no genuine issue as to any material fact and (2) when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment

as a matter of law. Civ.R. 56(C); *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132. The movant has the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. *Id.*

In their joint motion for summary judgment, appellees met the initial burden, showing that no genuine issue of material fact existed as to the essential elements of appellants' claims by referring to the language "subject to all legal highways" in appellants' deed. Appellees contended that the dedication and opening of Struthers Road as a public road in 1816 and the specific language of the 1949 deed created a right of way in the property. Appellees apparently attached a copy of appellants' deed, a deed that all parties agree stated that appellants' property was "subject to all legal highways." Appellees also attached an affidavit from then Chief Deputy Mahoning County Engineer, Marilyn Kenner, who attested that appellants' deed described appellants' property as extending to the center of Struthers Road and that this was the usual standard for unplatted land adjoining dedicated roadways. Kenner was unrebutted when she attested that neither appellants nor their predecessors in title have been assessed property taxes on that portion of the property containing the roadway easement. Appellees included copies of county records to evidence the dedication and continued use of Struthers Road as a public road. Appellees cited *Ziegler* for support that installation of a waterline onto property subject to an easement for highway purposes does not create an added burden on that property requiring compensation for a taking.

The burden then shifted to appellants to rebut these assertions regarding the presence of an easement and the application of *Ziegler*. Further, on their own motion for summary judgment, appellants not only had to inform the trial court of the basis for their motion but also had to identify the parts of the record that tended to show that no genuine issue of material fact existed as to the essential elements of the appellees' claims. Appellants failed to meet these burdens.

In their motions, appellants failed to show that they could prove the elements necessary to bring a quiet title action and to request an injunction and money damages for an unlawful taking and trespass. In an action to quiet title, the complainant bears the burden of proving title in himself if the defendant's answer denies his title or asserts title adversely. *Duramax, Inc. v. Geauga Cty. Bd. of Commrs.* (1995), 106 Ohio App.3d 795, 799, 667 N.E.2d 420, 422–423.

Appellees denied title and asserted adverse title in their answers and on summary judgment. Appellants failed to rebut this assertion.

Appellants argued that because they never personally granted an easement and never received consideration for an easement, no easement inuring to the county existed. However, appellants admit that their 1949 deed stated that their property was "subject to all legal highways." Appellants also admit that Struthers Road was opened and had been in operation as a public road for many, many years by the time they acquired their property. Whether or not appellants personally granted an easement to their property, an interest already existed regarding the public road by way of appellants' deed. The county records attached to appellees' motion demonstrated that on April 2, 1816, the commissioners ordered that Struthers Road be opened. Appellants acquired their property in 1949, some one hundred thirty-three years after the continuous public use of Struthers Road began. Appellants have failed to produce any evidence showing that the deed language "subject to all legal highways" does not signify an easement or other interest to the right of way in their property inuring to the county and the public at large. While caselaw holds that the words "subject to" in a deed do not usually create or grant an easement, appellants' deed language refers to an existing right of way or other property interest. *Wild River Adventures, Inc. v. Bd. of Trustees of School Dist. No. 8 of Flathead Cty.* (Mont.1991), 248 Mont. 397, 399–402, 812 P.2d 344, 346–347. Thus appellants, by acquiring their land by a deed that stated that their taking was "subject to all legal highways," had notice of an interest already in existence upon their land. Appellants took this property subject to the interest described by deed. Appellants have not provided a copy of the initial deed that conveyed the property to dispute that this interest was conveyed and have failed to otherwise rebut the assertion that a county interest was created by the opening and continuous use of Struthers Road to the public, and that their deed recognizes this interest. Further, if appellants questioned the language "subject to all legal highways" found in their deed, they could and should have sought clarification upon acquisition of the property in 1949. They should not have waited over forty-five years. Additionally, appellants did not rebut the assertion that neither they nor their predecessors in title were ever charged or ever paid property taxes on that portion of the property containing the public road, which suggests some type of consideration for an easement or other interest in land.

As to the remaining claims seeking an injunction and money damages for an unlawful taking of and trespass on their property, appellants failed to sustain their burden in summary judgment to establish that they had a property right in the disputed land. To establish a taking, "a landowner must demonstrate a

substantial or unreasonable interference with a property right." *State ex rel. OTR v. Columbus* (1996), 76 Ohio St.3d 203, 206, 667 N.E.2d 8, 12.

Appellants also failed to establish that they were entitled to bring a cause of action as a matter of law. Appellants attempted to distinguish *Ziegler* by asserting that they did not grant an easement to their property as did the property owners in *Ziegler.* Appellants also argue that *Ziegler* does not apply to their case and was not retroactive because they had a vested right established by *Hofius.* Appellants appear to argue alternative theories. First, they assert that *Hofius* and not *Ziegler* applies in the matter, as both of these cases deal with easements and *Hofius* was good law when they acquired their property. Yet appellants also argue that no easement exists on their property because they never granted an easement. This latter argument has already been found without merit. As to the first argument, we find that *Ziegler* and not *Hofius* applies to the instant case.

In *Hofius,* the Supreme Court ruled that construction of a water main under the surface of a county highway outside a village constitutes an additional burden on the fee of the owner of land abutting the highway such that the owner is entitled to compensation for a taking of an easement. 146 Ohio St. at 582, 33 O.O. at 70, 67 N.E.2d at 432–433. The *Hofius* appellee argued that laying pipes used to transport a public water supply did not constitute an additional burden to the landowner because it was consistent with the public use and purpose of the highway. *Id.* at 581, 33 O.O. at 69–70, 67 N.E.2d at 432. The court at the time did not accept this argument, stressing the property right of the landowner and distinguishing between "the fee ownership of streets by a municipality and the limited easement held by the state for road purposes outside of municipalities." *Id.* at 581, 33 O.O. at 70, 67 N.E.2d at 432.

In *Ziegler,* decided twenty-three years after *Hofius,* the court specifically overruled *Hofius* and found that "the better rule does not demand a different standard for determining the existence of an added burden on property, whether it involve a fee in trust conveyed to a municipality or an easement for highway purposes outside a municipality." *Ziegler,* 18 Ohio St.2d at 105, 47 O.O.2d at 247, 247 N.E.2d at 731. The *Ziegler* court found that time had rendered this distinction inapplicable. The court further found:

"Obviously, highways are primarily for the use of the public, in traveling from place to place. Although modern-day travel on our highways is predominately by motor vehicle, highways certainly are not limited to such use. The effect of the use of a highway upon abutting land has always been variable and subject to change. The complexities of modern life have produced uses of highways which would have been unheard of at the time many easements for public highways were granted.

"We are unable to discern any substantial burden visited on plaintiff's property by the intended construction. A denial of the use of a highway for the purpose of transporting water to areas where it is needed, as in the instant case, would be the rejection of evolutionary change. We therefore hold that the construction of water pipes in real property, for which an easement for highway purposes has been given, is not an added burden on such land, for which the owner must be compensated." (Citation omitted.) *Id.* at 105–106, 47 O.O.2d at 247, 247 N.E.2d at 731.

■ Thus, under *Ziegler,* appellants have no viable claim for a taking that would entitle them to compensation, as installation of the waterline for the public is not an additional burden on appellants' abutting land. *Ziegler* also renders appellants' argument that appellees were required to obtain an easement from them for installation of the waterline without merit.

■ Appellants continue to assert that *Hofius* applies because that case was good law at the time of their acquisition of the property. They also assert that they acquired vested rights under *Hofius* and that therefore *Ziegler* cannot apply retroactively to extinguish their cause of action.

We cannot accept appellants' assertion on this issue. Under *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468, the Ohio Supreme Court held that "[t]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." We applied the Ohio Supreme Court's exceptions to retrospective operation in *Lanza–Costlow v. State Farm Fire & Cas. Co.* (1996), 115 Ohio App.3d 106, 110, 684 N.E.2d 742, 744–745, when we held that retrospective operation of decisional law does not occur when contract rights or vested rights have been acquired under the prior decision, citing *Peerless, supra,* at 210, 57 O.O. at 411, 129 N.E.2d at 468. Thus, unless appellants had a right that vested pursuant to *Hofius, Ziegler* would control.

■ Appellants contend that they did acquire rights that vested under *Hofius* simply because they acquired the property in 1949. We find that *Hofius* did not establish a vested right in appellants and that acquisition of the property alone did not establish such a vested right. A right does not vest unless it constitutes more than a "mere expectation or interest based upon an anticipated continuance of existing law." *In re Emery* (1978), 59 Ohio App.2d 7, 11, 13 O.O.3d 44, 46, 391 N.E.2d 746, 750, citing *Moore v. Unemployment Comp. Bur.* (1943), 73 Ohio App. 362, 29 O.O. 75, 56 N.E.2d 520. A right does not vest when it is "dependent for its existence upon the action or inaction of another." *Id.,* citing *Hatch v. Tipton* (1936), 131 Ohio St. 364, 6 O.O. 68, 2 N.E.2d 875.

In this case, appellants' claimed right to bring a cause of action for an unconstitutional taking and entitlement to compensation never arose until Ohio Water began constructing the waterline in 1994. Appellants admit that they had no cause of action or standing to bring a claim until 1994. Thus, their current claim is based on their expectation of the continued existence of *Hofius* as good law at the time they acquired the property. Appellants' taking claim is dependent upon another's actions, namely Ohio Water, in constructing the waterline in their property. By the time that happened, the Ohio Supreme Court had long ago decided *Ziegler* and overruled *Hofius*. Consequently, neither *Peerless* nor *Lanza–Costlow* applies to render the apparent retroactivity of *Ziegler* void. Since appellants admit that their cause of action did not arise until 1994, *Ziegler* would apply under either situation to bar their claims.

Therefore, the trial court did not error in granting appellees' motion for summary judgment and overruling appellants' motion. Appellants failed to show that they were entitled to judgment as a matter of law. Further, any argument made by appellants questioning the commissioners' authority to consent to the installation of the waterline is rendered moot by *Ziegler*, which predetermined that installation of waterlines within a highway right of way constitutes a valid highway purpose and does not constitute a taking requiring compensation to an abutting landowner.

For all of the foregoing reasons, we find that the assignment of error advanced by appellants is without merit. Accordingly, the trial court's judgment is hereby affirmed.

*Judgment affirmed.*

Cox, P.J., and VUKOVICH, J., concur.