NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0401n.06
Filed: May 16, 2005

No. 04-3289

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES HINDALL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WINTERTHUR INTERNATIONAL; | ) | NORTHERN DISTRICT OF OHIO |
| TRAVELERS PROPERTY CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: KEITH, MOORE, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant James Hindall was in an automobile accident.[1] He settled with the tortfeasor for the limit of her liability policy, but his damages exceeded this amount. Hindall then sought coverage under his employer's insurance policies based upon the Ohio Supreme Court's decision in *Scott-Pontzer v. Liberty Mutual Fire Insurance Co.*, 710 N.E.2d 1116 (Ohio 1999). The district court granted summary judgment to the defendants, because it concluded that Hindall's employer had validly rejected uninsured/underinsured motorist coverage under its policies. We reversed the district court, holding that coverage had arisen by operation of law. *Hindall v. Winterthur Int'l*, 337 F.3d 680 (6th Cir. 2003). The case was remanded back to the district court. Subsequently, the Ohio Supreme Court

---

[1]This is a diversity case, brought pursuant to 28 U.S.C. § 1332, in which Ohio law controls.

issued its decision in *Westfield Insurance Co. v. Galatis*, 797 N.E.2d 1256 (Ohio 2003), which severely limited *Scott-Pontzer* by holding that a party could only obtain uninsured/underinsured motorist coverage under an employer's policies if the party was injured while driving in the course and scope of employment. Because Hindall conceded that he was not acting within the course and scope of employment when his accident occurred, the district court dismissed his case based upon *Galatis*.

Hindall appeals, arguing that *Galatis* should not be applied retroactively to his case. Under Ohio law, "a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 129 N.E.2d 467, 468 (Ohio 1955). Absent a declaration that the decision should only apply prospectively, "the decision shall be applied retrospectively as well." *State ex rel. Bosch v. Indus. Comm'n*, 438 N.E.2d 415, 418 (Ohio 1982). "The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." *Peerless*, 129 N.E.2d at 468.

In Hindall's case, neither exception prevents the retroactive application of *Galatis*. The contractual rights exception was designed so that courts would not "disturb the operation of contracts formed in contemplation of and reliance upon law that is later overturned by judicial decision." *Parks v. Rice*, 809 N.E.2d 1192, 1197 (Ohio Ct. App. 2004). Hindall entered into a contract with the tortfeasor because of *Scott-Pontzer*, but he never entered into a contract with the insurance company defendants. Rather, his employer purchased insurance policies from the defendants; his right to recover under those policies arose because of *Scott-Pontzer* and not because

he himself had entered into a contract with the defendants. The application of *Galatis* to his case will not interfere with the operation of any contract to which Hindall is a party, making the contractual rights exception inapplicable. With respect to the vested rights exception, a right does not vest "unless it constitutes more than a mere expectation or interest based upon an anticipated continuance of existing law." *Kallas v. Ohio Water Serv. Co.*, 725 N.E.2d 324, 329 (Ohio Ct. App. 1999) (internal quotation and citation omitted). Hindall merely had an expectation that *Scott-Pontzer* would continue to be good law and therefore does not have a vested right to have its rule applied to his case.

Hindall also argues that his reliance interest and the law-of-the-case doctrine make the application of *Galatis* to his case unfair. Hindall's arguments fail. Detrimental reliance has not been recognized as one of the limited exceptions to the general rule that an Ohio Supreme Court decision should apply retroactively.[2] *See Peerless*, 129 N.E.2d at 468. With respect to the law-of-the-case doctrine, the Ohio Supreme Court's decision in *Hopkins v. Dyer* establishes that "the decision in *Galatis* constituted extraordinary circumstances that created an exception to the law-of-the-case doctrine and that . . . obligated [the lower court] to apply *Galatis*." 820 N.E.2d 329, 334 (Ohio 2004). Thus, while this court previously stated that coverage had arisen by operation of law under the Travelers and Winterthur policies, we are obligated to apply *Galatis* because it represents a

---

[2]While *Galatis* discusses potential plaintiffs' reliance interest on *Scott-Ponzter*, it does so in the context of deciding whether to depart from the principle of *stare decisis*. The Ohio Supreme Court's conclusion that "[n]o reliance interest will be jeopardized by limiting *Scott-Pontzer*," *Galatis*, 797 N.E.2d at 1270, weighs against Hindall's argument that his reliance interest justifies allowing his case to proceed under *Scott-Pontzer*.

fundamental change in Ohio law requiring a departure from the law-of-the-case doctrine.[3]

For these reasons, we conclude that *Galatis* applies retroactively to Hindall's case and prevents him from recovering under the policies issued by the defendants. Accordingly, we affirm the district court's decision.

---

[3]We recognize appellant's argument that we previously stated that the insurance companies had "no defense" to Hindall's claim. *See Hindall*, 337 F.3d at 685. Nevertheless, this statement arose in the context of interpreting pre-*Galatis* law. We cannot now give effect to that language given the subsequent change in law that occurred with *Galatis* and provided the insurance companies with a defense in this case.