STATE of Ohio, Appellee,

v.

KING, Appellant.

[Cite as *State v. King* (1999), 137 Ohio App.3d 172.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 98CA136.

Decided Nov. 24, 1999.

*Michael A. Mayer,* Prosecuting Attorney, for appellee.

*Joe R. Focal,* for appellant.

GRADY, Presiding Judge.

Defendant, Jeffery L. King, appeals from an order of the Fairborn Municipal Court forfeiting King's right to own and possess a 12–gauge shotgun and five other guns that police seized from King's home at the time of his arrest.

King was arrested on April 18, 1998, on a charge of domestic violence, R.C. 2919.25. His wife, Rebecca D. King, was the alleged victim of the offense.

On September 2, 1998, King entered a plea of no contest to the domestic violence charge. After stating that she had "read the facts prior to coming in here this morning," the trial judge accepted King's no contest plea and entered a judgment of conviction. The court then imposed a fine of $100 plus court costs, and it sentenced King to thirty days in jail. King was allowed a credit against that time for the one day he had served. The court suspended the remaining twenty-nine days. King was placed on probation for one year and was ordered to submit to a substance-abuse assessment. The court's written entry imposing King's sentence was filed on that same date, September 2, 1998.

On September 22, 1998, King filed a motion asking the court to release firearms that police had seized from his residence at the time of his arrest. In a supporting memorandum, King argued that "there was no specific allegation that any of these firearms were used in the commission of the offense" and that police had seized them only "for safekeeping purposes."

The state did not file a motion opposing King's request, and the court conducted no form of hearing on King's motion. Instead, on October 27, 1998, the court ordered the firearms that had been seized from King to be forfeited to the Fairborn Police Department "[d]ue to the seriousness of the offense [and] the use of a gun during the offense and legal authority which prevents a person convicted of domestic violence from owning a firearm."

King filed a timely notice of appeal from the trial court's order. He presents two assignments of error on appeal.

## FIRST ASSIGNMENT OF ERROR

"The trial court erred in not granting the defendant–appellant a hearing to submit evidence before the forfeiture order was decided."

The Fourteenth Amendment to the Constitution of the United States provides that no state shall deprive any person of life, liberty, or property without due process of law. Implicit in that prohibition is the right of every person to notice and an opportunity to be heard in any proceeding brought to deprive him of his life, liberty, or property. *Hatch v. Tipton* (1936), 131 Ohio St. 364, 2 N.E.2d 875.

"In an ordinary case a citizen has a right to a hearing to contest the forfeiture of his property, a right secured by the Due Process Clause." *Degen v. United States* (1996), 517 U.S. 820, 822, 116 S.Ct. 1777, 1780, 135 L.Ed.2d 102, 107. That right is implemented by R.C. 2933.43(C), which requires notice and hearing before a court may order any property to be forfeited as contraband pursuant to R.C. 2933.42(A).

R.C. 2933.42(A) states: "No person shall possess, conceal, transport, receive, purchase, leave, rent, or otherwise transfer any contraband." "Contraband" is defined by R.C. 2901.01(A)(13) to include:

"(h) Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense."

R.C. 2933.41(C)(1) provides that a person loses his right to own or possess property if it was used in the commission of an offense.

The trial court ordered that the guns that were seized from King's home when he was arrested forfeited to the Fairborn Police Department on a finding that he had used one of them, a shotgun, to menace his wife during his domestic violence offense. The shotgun was kept in a case along with the other guns that the court ordered to be forfeited. The court apparently obtained that information from a police report, which so stated, to which the court seems to have referred for the

"explanation of circumstances" that R.C.2907.07 requires when it accepted King's no contest plea.

⸱ If King used the shotgun to menace his wife while committing the domestic violence offense of which he was convicted, then it is contraband that is subject to forfeiture pursuant to the statutory provisions discussed above. It is less clear that the other guns the court ordered to be forfeited were used by King for that purpose, though the implications of his threat might encompass them as well. Nevertheless, pursuant to R.C. 2933.42(C), King was entitled to notice of the prospect of that forfeiture and a hearing on the grounds for it before the court could order his property to be forfeited. "The right of a citizen to defend his property against attack in a court is corollary to the plaintiff's right to sue there." *Degen v. United States, supra,* 517 U.S. at 829, 116 S.Ct. at 1783, 135 L.Ed.2d at 111. In Ohio, that right is specifically protected by Section 16, Article I of the Ohio Constitution, the "open courts" provision.

The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

"The trial court erred in ordering the forfeiture of firearms which were not used in the commission of the offense."

This assignment of error is rendered moot by our resolution of the first assignment of error. Therefore, pursuant to the discretion we are afforded by App.R. 12(A)(1)(c), we decline to determine the error assigned.

## Conclusion

Having sustained the first assignment of error, we will reverse the order from which this appeal was taken and remand the matter for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.