OPINION
Appellant Victor J. Dubel, D.D.S., appeals a judgment of the Montgomery County Court of Common Pleas affirming an order of appellee the Ohio State Dental Board suspending Dubel's license to practice dentistry for a period of six months. Dubel contends that the Board violated his due process rights. He also contends that the Board failed to timely file the record of proceedings, and that the common pleas court therefore erred by failing to render judgment in his favor. Dubel also claims that the trial court erred by failing to modify the Board's decision.
We conclude that Dubel's due process rights were not violated, because none of the alleged violations were likely to have adversely impacted him. All but one of these would have been material only to the Board's determination whether he had committed professional violations for which a sanction could be imposed, and he admitted that he had. The remaining due process issue — that the hearing examiner was on too friendly terms with the Board — could only have worked to Dubel's advantage, since he preferred the hearing examiner's recommended sanction over the sanction actually imposed by the Board. We further find that his claim that the Board failed to timely file the record of the proceedings is not exemplified by our record, as Dubel acknowledges in his reply brief. Finally, we find that the trial court did not abuse its discretion by declining to modify the sanction imposed by the Board, because the trial court had no authority to review the Board's discretion in determining what sanction to impose. Accordingly, the judgment of the trial court is Affirmed.
 I
In November, 1997, following an investigation by the Drug Enforcement Administration, the Ohio State Dental Board filed a Notice of Opportunity for Hearing against Victor J. Dubel, a practicing dentist. The notice charged Dubel with failing to maintain adequate dispensing records for controlled substances and with treating a patient beyond the scope of his dental practice.
Pursuant to Dubel's request, a hearing was conducted on April 15, 1998. Prior to the hearing, Dubel stipulated the facts shown in the charging document. Specifically, he admitted that he failed to maintain dispensing records for approximately 5,514 dosage units of controlled substances.[1] He also admitted to acting outside the scope of his practice by treating a close family member (referred to in the record as Patient No. 1) for migraine headaches using scheduled drugs, including Demerol.
At the hearing, Dubel presented his own testimony, as well as that of several other witnesses. With regard to the failure to maintain appropriate drug records, Dubel testified that he was unaware of the need to "maintain a `milligram by milligram' log of controlled substances kept in his office." He admitted that he did not maintain the proper logs and did not oversee the use of controlled substances kept there. He testified that he used some of the drugs on patients without logging them in, and that he did not log in the drugs he used to treat his family member. He also testified that he kept the drugs in his desk drawer, that he did not keep them locked up, and that therefore, some of his employees had stolen some of the drugs without his knowledge. He testified that he had dismissed the employees and taken appropriate measures both to secure the drugs and to keep proper records of their use.
With regard to his treatment of his family member, Dubel testified that Patient No. 1 suffered from headaches, including migraine headaches. He testified that he had taken her in to see one of her doctors, Dr. Kinkopf, for "an emergency pain killing session many years ago," at which time the doctor gave her a shot of Demerol. Dubel testified that the doctor showed him how to give her such shots, and that Dubel thought that he had the doctor's consent to give Patient No. 1 such injections. He testified that he had the doctor's "guidance and consent." He further testified that he only administered Demerol to Patient No. 1 on an emergency basis. He also testified that he had experimented with different drugs to control her headaches, and that, on average, he would give her "between five and ten Vicodins a week." He further testified that he had given her Valium, and Demerol, but that he had discontinued the use of Demerol more than a year prior to the hearing. He testified that he was treating Patient No. 1 for "TMJ." He testified that he had the permission of Dr. Valle, another of Patient No. 1's physicians, to treat her. Finally, he testified that he no longer treated Patient No. 1.
Dubel also presented the testimony of Michael Valle, D.O. Dr. Valle testified that Patient No. 1 had been a patient of his since 1996, and that he treated her for headaches. He testified that some of her headaches were "incapacitating for her." He testified that TMJ could be a trigger for her headaches; however he admitted that in a letter he wrote to another doctor concerning the patient, he did not list TMJ as a possible cause of the headaches.
Dr. Valle testified that Demerol and Vicodin can be used for headaches of the kind that Patient No. 1 was experiencing, but that he did not prescribe them for her. Upon being asked whether he recalled a "discussion with [Patient No. 1] * * * as to whether or not her dentist * * * could treat her for TMJ via prescribed Vicodin," he stated that he did not. Instead, Valle testified that he treated her with Neurontin, which is not a narcotic.
Dubel also presented the testimony of Lytha Miller, a dentist, who testified that until "a few years ago" she was unaware of the need to keep logs regarding controlled substances. He also presented the testimony of two character witnesses who supported his good character.
Following the hearing, the hearing officer issued a report and recommendation in which he made the following statement:
 While it may not be apparent from the text of the transcript, Dr. Dubel strikes me as a dental practitioner who values highly his good reputation, and who now is, perhaps belatedly, very cognizant of the threat to that good reputation he created by failing to pay attention to the accounting requirements associated with the dispensation of controlled substances. I recommend an uncommonly lenient sanction primarily because I found Dr. Dubel's candor and cooperativeness to strongly indicate high moral character and a willingness to go forward with greater insight into what it takes to meet the standards of professional care before this Board, and because from the evidence before me I am convinced that it is unlikely Dr. Dubel in the future will pose a risk to his patients or to the public in general.
The hearing officer then recommended that Dubel's dentistry license be suspended for a period of thirty days for each of the two counts, to run concurrently, but that the imposition of the suspensions be stayed for one year, and then permanently abated upon his continued good conduct.
On August 3, 1998, the Board modified the hearing officer's recommendation, and suspended Dubel's license for a period of six months. The Board further required Dubel to attend continuing education courses in pharmacology and to surrender his DEA license. Finally, the Board imposed an eight-year probationary period.
Dubel filed an appeal to the Montgomery County Court of Common Pleas, pursuant to R.C. 119.12. The common pleas court, finding that the decision of the Board was supported by reliable, probative and substantial evidence, affirmed the decision of the Board. From the trial court's judgment, Dubel appeals.
 II
Dubel's First Assignment of Error is as follows:
 THE DISCIPLINARY PROCEDURES OF THE OHIO STATE DENTAL BOARD CONSTITUTED AN UNCONSTITUTIONAL DENIAL OF DUE PROCESS OF LAW TO VICTOR J. DUBEL, D.D.S.
In this Assignment of Error, Dubel contends that his due process rights were violated by the Board "in every step of the Board's investigatory and disciplinary practices." In support, Dubel submitted evidence to this court regarding an investigation conducted by the State of Ohio into activities of the Board. This evidence consists of articles indicating that the Board has, in the past, violated the due process rights of dentists appearing before it by failing to provide adequate discovery to them with regard to disciplinary cases pending before it. Dubel admits that this issue and the attendant evidentiary materials were not presented at the trial court level, but he argues that this court has the discretion to hear the matter because it involves an issue of constitutional rights.[2]
"The Fourteenth Amendment to the Constitution of the United States provides that no state shall deprive any person of life, liberty, or property without due process of law." State v. King (1999),137 Ohio App.3d 172, 174, citation omitted. "Implicit in that prohibition is the right of every person to notice and an opportunity to be heard in any proceeding brought to deprive him of his life, liberty, or property." Id.
The due process violations noted in the articles involved discovery issues. However, in this case, Dubel received notice of the charges against him, and stipulated to all of the factual allegations contained therein. He does not contend that any lack of discovery led him to enter into the stipulations, and he does not indicate what, if any, discovery request was denied by the Board in his case. Consequently, we cannot discern how allegations concerning the deficiencies of the Board's general practices with regard to discovery, even if true, would have prejudiced Dubel.
Finally, Dubel claims that his due process rights were violated by a too friendly relationship between the Board and its full-time hearing examiner. He seems to be arguing that the hearing examiner's ability to have conducted an impartial hearing was compromised by his dependence upon the Board as its full-time employee. We fail to see how this circumstance, even if it were deemed to have due process implications, can have prejudiced Dubel in this instance. Dubel acknowledged that he had committed the violations of disciplinary rules with which he was charged. The crucial issue was the extent of the sanction that would be imposed upon him for those violations. As the hearing examiner noted, the sanction he recommended, a thirty-day suspension that would be stayed for one year and then would be abated upon Dubel's good behavior for that year, was uncommonly lenient. Dubel seems to have had no objection to that recommendation; to the contrary, Dubel's complaint is that the Board did not follow the hearing examiner's recommendation. In short, Dubel has made no showing that he has been aggrieved by any action of the hearing examiner, his grievance is with the Board for having failed to follow the hearing examiner's recommendation. Accordingly, Dubel has failed to demonstrate either that the hearing examiner was partial to the prosecution of the charge against him, or otherwise that he was prejudiced by the hearing examiner's having been overly dependent upon the Board, as its full-time employee.
Dubel's First Assignment of Error is overruled.
 III
The Second Assignment of Error provides as follows:
 ADOPTION OF THE ADJUDICATION ORDER OF THE STATE DENTAL BOARD CONSTITUTED AN ABUSE OF DISCRETION WHEN THE STATE DENTAL BOARD FAILED TO TIMELY FILE AND CERTIFY THE RECORD OF PROCEEDINGS WITH THE COURT OF COMMON PLEAS.
Dubel contends that the trial court erred by adopting the decision of the Board. In support, he argues that the Board failed to prepare and certify the record of proceedings within the appropriate statutory time limit, and that the trial court was therefore required to enter a finding in his favor.
R.C. 119.12, which governs appeals of orders issued by administrative agencies, provides in pertinent part as follows:
 Within thirty days after receipt of a notice of appeal from an order * * * the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time frame allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected.
As Dubel candidly acknowledges in his reply brief, this assignment of error is not supported by the record. The record indicates that Dubel's notice of appeal was received by the Board on August 17, 1998, and that the agency filed the record of proceedings on September 3, 1998, clearly within the thirty-day time limit prescribed by statute.[3]
The Second Assignment of Error is overruled.
 IV
Dubel's Third Assignment of Error is as follows:
 THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE ORDER OF THE STATE DENTAL BOARD WITHOUT MODIFICATION AS THE AGENCY'S ORDER WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
Dubel argues that the trial court erred by failing to modify the sanctions issued by the Board because the Board's decision was not supported by the evidence.
Pursuant to R.C. 119.12, the common pleas court may affirm the decision of an agency when that decision is in accordance with the law and is supported by reliable, probative and substantial evidence. Kuppin v. Ohio State Dental Board (May 6, 1994), Montgomery App. No. 14117, unreported. This court's review of the judgment of the common pleas court is limited to a determination of whether the trial court abused its discretion." Kuppin, supra, citations omitted.
As previously noted, Dubel stipulated that he committed the acts for which he was charged. While the hearing officer recommended a lenient sentence, he nevertheless found that Dubel had committed the charged offenses. Further, Dubel does not dispute the finding that he committed the offenses. Instead, as the trial court noted, "it is apparent that [Dubel] is not contesting the finding of a violation, but, rather the appropriateness of the penalty."
The common pleas court, upon review of the record, found that the Board's decision was supported by reliable, probative and substantial evidence. From our review of the record, given that it is clear that Dubel committed the charged offenses, we cannot say that the finding of the trial court constitutes an abuse of discretion. Furthermore, R.C.4715.30(C) invests the Board with discretion to choose among a broad spectrum of sanctions for violations. When the sanction imposed is within the authority of the agency, a court may not reverse, vacate or modify that sanction. Conners v. Ohio Dept. of Commerce, Div. Of Real Estate (1982), 7 Ohio App.3d 237, 238-239. In this case, there is no dispute that the Board imposed sanctions permitted by statute. Therefore, contrary to Dubel's assertions, the trial court did not err by affirming the Board's decision without modification.
The Third Assignment of Error is overruled.
 V
All of Dubel's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.
[1] The controlled substances included 2,323 tablets of Vicodin, 100 Hydrocodone tablets, 81 Lorazepam tablets, 511 tablets of Aspirin with Codeine, and 515 tablets of Diazepam.
[2] The Board has filed a motion to strike the evidence submitted by Dubel. However, given our disposition of this Assignment of Error in the Board's favor, we find it unnecessary to rule on its motion.
[3] The Board did not timely respond to Dubel's motion, in the trial court, for judgment in his favor based upon the alleged failure of the Board to have timely filed the record. The Board explains that it was not served with a copy of Dubel's motion, and therefore did not respond to it until the Board received a copy of the trial court's order setting the motion down for hearing, when the Board promptly responded by pointing out that the record had, in fact, been timely filed.