OPINION
Defendant, Daryl Ray Mt. Castle, appeals from a judgment of the Juvenile Court ordering him to pay support for the benefit of his minor child, Lane Austin Eby.
The minor child was born on April 16, 1996. On or about December 17, 1996, Mt. Castle was determined to be the child's father. The underlying action for support was commenced on April 2, 2001.
The action was referred to a magistrate. The magistrate found that Mt. Castle's income for the year prior was $34,326, and that he had no other child support obligations. The magistrate further found that the child's mother currently earns $19.35 per hour and works forty hours per week. She also receives $94.00 per week in support for other children.
Based on her findings, the magistrate decided that Mt. Castle's current support obligation should be $515.12 per month, and ordered him to pay support in that amount. The magistrate also ordered Mt. Castle to pay support retroactive to December 17, 1996, the date his paternity was established, noting that "Ohio Revised Code, section 3119.05(F)(3) provides the Court with the ability to order retroactive support." (Decision and Order, p. 2). The magistrate's decision required Mt. Castle to pay an additional $103.32 per month "to be applied to the child support arrearage owed." No specific "arrearage" was found, however.
Mt. Castle filed no objections to the magistrate's decision. Thereafter, the court adopted the decision as its own judgment and order, pursuant to Civ.R. 53(E)(4)(a). Mt. Castle filed a timely notice of appeal.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY INCLUDING IN ITS ORDER CHILD SUPPORT RETROACTIVE TO THE DATE OF THE ESTABLISHMENT OF PATERNITY.
The underlying support action was brought by the Clark County Department of Job and Family Services ("Department") on behalf of the child's mother, a nominal co-plaintiff. The magistrate in her decision stated that "CSEA requested child support to be effective December 17, 1996" (Decision and Entry, p. 2), and appears to have ordered the retroactive support to which Mt. Castle now objects in response to the Department's request. However, the Department has not filed a brief on appeal in opposition to the error Mt. Castle assigns with respect to that retroactive order.
Mt. Castle did not file objections to the magistrate's decision. Per Civ.R. 53(E)(3)(b), his failure operates to waive any error in the court's adoption of the magistrate's order. However, the court's decision to adopt the magistrate's decision when no written objections are filed is discretionary. See Civ.R. 53(E)(4)(a). We believe that likewise confers discretion on an appellate court to review the error involved and assigned when it is fundamental in nature, as it is here.
R.C. 3103.03(A) and R.C. 3103.031 impose a duty on each biological or adoptive parent to support his or her minor child, regardless of the parent's gender or marital status. This obligation is owed to the state as well as to the child. Bowen v. State (1897), 56 Ohio St. 235. The State thus has a right to recoup from a parent any support it provides for the child's necessities that the parent failed to provide.
The statutory and common law duties of support that a parent has are inchoate duties. They are enforceable by judicial decree, upon a finding that the parent has failed to perform them. The relief ordered, including that ordered pursuant to R.C. 3113.215, is ordinarily prospective in nature. Any arrearage that results from failure to comply with a prior support court order is also judicially enforceable, likewise prospectively, but on a finding that the obligor is in contempt of the support obligation the court imposed in its prior order.
The magistrate's decision identifies the $103.21 Mt. Castle is required to pay each month in addition to his current support obligation as both an "arrearage" and "retroactive support." It cannot be an arrearage, because there was no prior order requiring support that Mt. Castle failed to pay, resulting in an arrearage. The magistrate cited R.C. 3119.05(F)(3) for authority to order support retroactive to the date Mt. Castle's paternity was established. However, and as Mt. Castle points out, the Revised Code includes no provision bearing that numerical designation.
R.C. 3111.13(F)(2) suggests that a court may require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring payment of current child support. R.C.3111.13 (F)(2)(a) creates certain exceptions when the retroactive support requirement may not be imposed. However, if the court orders such support, it must base its calculations on the income of the parents and the child support work sheets and schedules as they existed at that time. R.C. 3119.06(J).
The magistrate's decision, which the trial court adopted as its order on June 22, 2001, requires Mt. Castle to pay support retroactive to the date his paternity was established, December 17, 1996. The magistrate ordered such support in the amount of $103.21 per week, based on Mt. Castle's income for the year 2000 and the mother's current weekly income. The magistrate made no findings concerning Mt. Castle's income for the years 1997-1999, which are within the retroactive term. Neither did she make any findings concerning the mother's income during that time. Whether different worksheet or schedule calculations might have applied then is unclear.
The magistrate's retroactive support order, which the trial court adopted, is contrary to the requirements of R.C. 3119.06(J) in that it is not based on findings the magistrate was required to make relative to the period concerned. The order will be reversed and vacated, and the case will be remanded for the determination of the Department's retroactive support request.
We note two further problems concerning the retroactive support order. Mt. Castle is ordered to pay $103.21 per month "to be applied to the child support arrearage owed." As we noted, there is no actual arrearage. Furthermore, the amount of Mt. Castle's retroactive obligation is unclear. Is it the sum realized by multiplying $103.21 times the number of months since his paternity was established? If so, that gross amount should be the subject of a finding. Unless it is, and because Mt. Castle's obligation to make the payments is prospective, he could be required to pay $103.21 per month indefinitely. We believe that was not the court's intention.
The further problem with the retroactive support order is the defect identified in Mt. Castle's brief; that it is relief granted on a claim of which he lacked notice, which is an essential element of the due process requirement of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 16 of the Ohio Constitution. McArthur v.Kelly (1831), 5 Ohio St.3d 139; State ex rel. Allstate Ins. Co. v. Bowen
(1936), 130 Ohio St. 347; Hatch v. Tipton (1936), 131 Ohio St. 364.
A finding that Ms. Castle has failed to support his child, which is undisputed, permits the domestic relations court to order him to pay an amount of support currently owed, and to impose the requirement on a continuing basis until the child is emancipated. That same finding might also permit the court to order payment of "retroactive support," for the period prior to entry of its support order. Even though the same finding supports both orders, the relief granted and the claims in law or equity on which these forms of relief were sought and ordered are separate and distinct. As separate claims for relief, proper notice requires a complaint or other initial pleading that contains (1) a short and plain statement of each claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Civ.R. 8(A).
The Application For Order of Support that the Department filed herein identifies the mother, the child and her date of birth, and Daryl Ray Mt. Castle as the child's father. It further alleges the date following the child's birth on which Mt. Castle's paternity was established. The prayer for relief then asks that Mt. Castle "be required to pay a fixed sum on a regular basis for support as required by Ohio Revised Code Section 3113.21 . . . and any other such relief as may be provided by law."
The Application pleads the claim for relief for current child support, but fails to plead the claim for relief for retroactive support, which is based on other provisions of the Revised Code discussed above, with the specificity that Civ.R. 8(A) requires. Therefore, as to the retroactive support claim, Mt. Castle was not afforded the notice which due process of law requires.
Nevertheless, Mt. Castle waived this pleading defect and constitutional claim because he never raised it in the trial court. Having waived the error involved, he may not assert it on appeal. On remand, Mt. Castle, who filed no pleading responsive to the Application For Order of Support, may seek to dismiss the Application or limit it to its claim for support currently owed, pursuant to Civ.R. 12(B)(6). Of course, the Department may then file or seek leave to file an Amended Application proper in its form with respect to its retroactive support claim. We encourage the Department to observe those requirements in future cases.
On the foregoing findings, we sustain the assignment of error presented. The order from which the appeal is taken will be reversed and vacated, and the matter will be remanded to the trial court for further proceedings.
FAIN, J. and YOUNG, J., concur.